T.C. Memo. 2002-92


UNITED STATES TAX COURT


FPL GROUP, INC. AND SUBSIDIARIES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5271-96.                    Filed April 8, 2002.


<u>Robert T. Carney</u> and <u>Paul S. Manning</u>, for petitioner.

<u>James F. Kearney</u> and <u>Benjamin A. DeLuna</u>, for respondent.


MEMORANDUM OPINION


RUWE, <u>Judge</u>:  This matter is before the Court on
respondent's motion in limine to preclude the introduction of the
expert witness report of Michael M. Wilson on the ground that the
report does not satisfy Rule 702 of the Federal Rules of Evidence

or Rule 143(f).[1] Rule 143(f) generally requires a party who intends to call an expert witness to cause the expert witness to prepare a report in advance of trial stating the witness's opinion and the facts upon which the witness relies. If the expert is allowed to testify, the report may be received into evidence as the witness's direct testimony. Respondent bases his motion in part on the contention that the report invades the province of this Court by expressing a legal conclusion.

One of the issues in this case is whether petitioner is entitled to investment tax credits for the taxable years 1988, 1989, and 1990 under transition rules contained in sections 203 and 204 of the Tax Reform Act of 1986, Pub. L. 99-154, 100 Stat. 2143. A relevant inquiry is whether there was a binding "written supply or service contract" as of a specific date. In addition to other disputes as to the applicability of the transition rules, the parties disagree as to whether petitioner's tariff[2] constituted a binding written supply or service contract as of the specified date.

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioner's tariff is a publicly available document prepared by petitioner and approved by the Florida Public Service Commission which contains all the currently effective rules, regulations, rate schedules, standard forms, contracts, and other materials constituting the terms and conditions of petitioner's provision of electric services to its customers.

In support of its argument that it is entitled to investment tax credits under the transition rules, petitioner has submitted the report of Mr. Wilson. Mr. Wilson is an attorney who is currently employed by petitioner as vice president, Government Affairs. Before beginning employment with petitioner in 1991, Mr. Wilson served as a member of the Florida Public Service Commission (the Commission). The Commission has jurisdiction to regulate and supervise public utility rates and services.

In his report, Mr. Wilson considers whether petitioner's tariff constituted a valid contract between petitioner and its customers. Mr. Wilson opines that the applicable provisions of petitioner's tariff "are the written contract for the provision of electric service between * * * [petitioner] and its customers" and asserts that this opinion "is shared by those in the utility industry who regularly participate in the development of tariffs."

Rule 702 of the Federal Rules of Evidence, which governs the admissibility of expert testimony, provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise * * *

Thus, expert testimony is admissible under Rule 702 of the Federal Rules of Evidence where it assists the Court to understand the evidence or to determine a fact in issue. Sunoco,

Inc. & Subs. v. Commissioner, 118 T.C. __, __ (2002) (slip op. at 5).  Testimony that expresses a legal conclusion and does not assist the Court is not admissible.  Alumax Inc. v. Commissioner, 109 T.C. 133, 171 (1997), affd. 165 F.3d 822 (11th Cir. 1999); Hosp. Corp. of Am. v. Commissioner, 109 T.C. 21, 59 (1997); Laureys v. Commissioner, 92 T.C. 101, 126-129 (1989). Additionally, an expert who is merely an advocate of a party's position does not assist the Court to understand the issue. Sunoco, Inc. & Subs. v. Commissioner, supra at __ (slip op. at 6); Snap-Drape, Inc. v. Commissioner, 105 T.C. 16, 20 (1995), affd. 98 F.3d 194 (5th Cir. 1996); Laureys v. Commissioner, supra at 129.

After reviewing Mr. Wilson's report, we find that the report states legal conclusions and that these legal conclusions do not assist the Court in understanding the evidence or determining a fact in issue.  This Court is capable of determining whether the tariff constitutes a "written supply or service contract" based on the relevant statutes, case law, and facts, and Mr. Wilson's "opinion" in this regard would be of no assistance.  Such matters are more appropriately argued on brief.  Accordingly, we shall

grant respondent's motion in limine as it relates to the expert report of Mr. Wilson.

An appropriate order will be issued granting respondent's motion in limine.