T.C. Summary Opinion 2002-123

UNITED STATES TAX COURT

ROBERT A. WODARCZYK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8845-01S.          Filed September 30, 2002.

<u>Tommy E. Swate</u>, for petitioner.

<u>Bruce M. Wilpon</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  Respondent filed a motion

for summary judgment under Rule 121.  The petition was filed

pursuant to section 7463.[1]  The decision to be entered is not

reviewable by any other court, and this opinion should not be

cited as authority.  The case arises from a petition for judicial

_____

[1]    Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
year at issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

review under section 6330(d)(1)(A)[2] and involves the propriety of respondent's decision to proceed with collection of income tax petitioner owes for the year 1993. That determination was preceded by respondent's issuance of a notice of intent to levy and of petitioner's right to a hearing in connection with an assessed balance of income tax for 1993 in the amount of $8,750.68, including statutory additions to tax. At the time the petition was filed, petitioner's legal residence was in Texas.

No testimonial evidence was adduced at the hearing. Respondent contends that there is no genuine issue of material fact and that the notice of determination should be sustained as a matter of law.

Before proceeding with the merits of respondent's motion and the objection thereto, one prominent aspect of the case must first be addressed. The petition was filed pursuant to respondent's issuance of a Notice of Determination Concerning

---

[2]    Petitioner, through counsel, filed a response to respondent's motion for summary judgment, not only objecting to respondent's motion, but affirmatively alleging:  "The Petitioner moves for summary determination that Respondent's denial of his allowable transportation cost was arbitrary, capricious and without reference to administrative rules or law." Petitioner's response was not filed as a motion for summary judgment because it was not cast in the proper form. At the hearing, the parties agreed that the case could be considered as cross-motions for summary judgment. On the basis of these representations, we conclude that there are no genuine issues of material fact, and the sole question before the Court is whether, as a matter of law, respondent's motion should be granted.

Collection Action(s) Under Section 6320 and/or 6330 (the notice). The notice addressed only petitioner's income tax for the 1993 tax year. The petition, however, addresses not only 1993 but also petitioner's unpaid income tax liabilities for the years 1994 through and including 1999.

It is evident from the record that the parties negotiated petitioner's tax liabilities for all these years, including the year 1993. However, there is no evidence in the record that petitioner's tax liabilities for the years 1994 through 1999 were ever assessed; there is no evidence that respondent ever issued a Notice of Intent To Levy upon petitioner for those years; nor is there any evidence that a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 was ever issued for petitioner's 1994 through 1999 tax years. Since this Court's jurisdictional authority in cases of this nature is based on section 6330(d)(1)(A) and the issuance by the Commissioner of a Notice of Intent To Levy and a Notice of Determination regarding such levy, it is evident that this Court lacks jurisdiction over petitioner's 1994 through 1999 tax years. Therefore, this case will be dismissed for lack of jurisdiction as to the years 1994 through 1999, and all allegations with respect to those years will be stricken. The sole issue for decision is whether there was an abuse of discretion by

respondent in failing to accept petitioner's collection alternative with respect to 1993.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

In a summary judgment proceeding, the burden is on the moving party to prove the nonexistence of a genuine issue of material fact and the moving party's entitlement to judgment as a matter of law. FPL Group, Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001); Naftel v. Commissioner, supra at 529. The Court views the facts and inferences therefrom in the light most favorable to the nonmoving party, petitioner. Bond v. Commissioner, 100 T.C. 32, 36 (1993); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985). When a motion for summary judgment is made, the nonmoving party cannot rely on the allegations or

denials in its pleading but must demonstrate with specific facts that there is a genuine issue for trial. King v. Commissioner, 87 T.C. 1213, 1217 (1986); Shepherd v. Commissioner, T.C. Memo. 1997-555.

The facts, viewed in the light most favorable to petitioner, are as follows. On February 7, 2000, respondent mailed petitioner IRS Letter 1058, Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing, relating to petitioner's unpaid income tax for 1993, consisting of $4,654.94 in tax and $4,095.74 in statutory additions, totaling $8,750.68.

Petitioner submitted timely IRS Form 12153, Request for a Collection Due Process Hearing, with respect to that notice. In the request, petitioner stated: "Taxpayer is going to submit an offer in compromise. He has unfiled returns that are being prepared. Once the returns are prepared an offer will be prepared." At the time, petitioner had not filed income tax returns for the 1994 through 1999 tax years.

Respondent assigned petitioner's case to an Appeals officer, and a date was set for a hearing. Prior to the hearing, petitioner filed income tax returns for the years 1994 through 1999. The returns reflected the following amounts due in taxes, which were not paid:

| Year | Amount |
|------|--------|
| 1994 | $9,914.39 |
| 1995 | 6,738.88 |
| 1996 | 4,225.98 |
| 1997 | 4,990.48 |
| 1998 | 4,274.45 |
| 1999 | 4,433.95 |

On each of these returns, petitioner reported profits and losses from a sole proprietorship, Innovative Marketing Group, on a Schedule C, Profit or Loss From Business.

At the hearing, which was conducted by telephone, petitioner's counsel informed the Appeals officer that an offer in compromise would be submitted. The Appeals officer agreed to consider that position as a collection alternative to the levy. Thereafter, the Appeals officer received from petitioner IRS Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and petitioner's first offer in compromise (original offer in compromise). On the Form 433-A, petitioner claimed a monthly transportation expense of $70 for a vehicle, described as a 1986 Trooper. Before acting on the offer in compromise, the Appeals officer forwarded the Form 433-A to a revenue officer for verification. Petitioner satisfied that verification through IRS Form 433-B, Collection Information Statement for Businesses, which was sent to the revenue officer. On the Form 433-B, petitioner also claimed expenses for the 1986 Trooper listed on the Form 433-A.

In evaluating petitioner's original offer in compromise, the revenue officer reviewed bank statements and canceled checks from petitioner's business and personal checking accounts. He found that petitioner had commingled his business and personal funds in these accounts. The revenue officer also found that petitioner's bank deposits exceeded the sources of income shown on his original offer in compromise. For the 10-month period reflected on the "Income and Expense Analysis" section of the Form 433-B, the actual deposits into the business account ($42,861.66) exceeded the reported sources of income on the original offer in compromise ($25,470) by $17,391.66. The revenue officer returned the case to the Appeals officer with his findings.

The revenue officer calculated petitioner's future monthly disposable income, described by respondent as an estimate of a taxpayer's ability to pay based on an analysis of gross income, less necessary living expenses, for a specific number of months into the future, to be $991.17.[3] That calculation provided for $70 in monthly transportation expenses (as claimed on petitioner's Form 433-A), accounted for the excess deposits, reflected the net income from petitioner's business, and allowed various other expenses. The calculation was as follows:

---

[3] The revenue officer made other findings and calculations which need not be detailed here.

Monthly total income

| | | |
|---|---|---|
| Net business income | $ 477.00 | |
| Monthly excess deposits | 1,739.17 | $2,216.17 |
| ($17,391.66/10 months) | | |

Monthly total expenses

| | | |
|---|---|---|
| National standard expenses[1] | $ 383.00 | |
| Housing and utilities | 400.00 | |
| Transportation | 70.00 | |
| Taxes (income & FICA) | 120.00 | |
| Life insurance | 34.50 | |
| Child support | 217.50 | (1,225.00) |

Disposable income                                                $ 991.17

[1]The Internal Revenue Manual provides procedures for evaluating proposed installment agreements and offers in compromise. See 2 Administration, Internal Revenue Manual (CCH), sec. 5.15.1 to 5.15.1.4, at 17,653-17,660. Those procedures contain guidelines for allowable expenses, which include necessary and conditional expenses. Necessary expenses are those reasonable expenses that provide for a taxpayer's and his or her family's health and welfare and/or the production of income. Id. sec. 5.15.1.3.2, at 17,656. There are three types of necessary expenses: (1) Those based on national standards; e.g., food, housekeeping supplies, apparel and services, and personal care products and services; (2) those based on local standards; e.g., housing, utilities, and transportation; and (3) other expenses, which are not based on national or local standards; e.g., health care. Id. sec. 5.15.1.3.2.1 to 5.15.1.3.2.3, at 17,656-17,657.

Petitioner's original offer in compromise, dated August 31, 2000, proposed to settle the 1993 through 1999 years with a single cash payment of $720. In a telephone conference, the Appeals officer informed petitioner's counsel that he could recommend an offer in compromise for $24,000, payable in 48 monthly installments of $500. Thereafter the Appeals officer

received several amended offers. The first amended offer in compromise, dated April 30, 2001, proposed to settle the 1993 through 1999 tax years with a $20,000 deferred payment, payable in monthly installments of $277. The second amended offer in compromise, dated May 7, 2001, proposed to settle the same years with a $24,500 deferred payment, payable in 96 monthly installments of $255. The third amended offer in compromise, dated May 17, 2001, proposed to settle the same years with an $11,760 deferred payment, payable in 60 monthly installments of $200.

Throughout the period when petitioner submitted these offers in compromise, the Appeals officer remained firm on his original terms.[4] However, after submitting the second amended offer in compromise, petitioner raised a question as to the amount of transportation costs allowed in the calculation of his disposable income. Rather than the $70 for transportation costs originally claimed on petitioner's Form 433-A, petitioner now argued that he was entitled to a $352 per month transportation expense. Petitioner's counsel raised the transportation expense issue in a letter, stating in pertinent part:

---

[4] The Appeals officer communicated with petitioner's counsel on May 1 and 14, 2001, in writing, and additionally by telephone, that petitioner's submissions did not meet respondent's terms specified in the telephone conference.

> I noticed on the grid that Mr. Wodarczyk did not take the standard deduction for car maintenance.  The amount of transportation was listed as $70.  The standard expense that is allowed is $282.  No less than $352.00 should be allowed for transportation.  The net difference between allowed expense and gross income is $196.00.
>
> This letter is intended to amend Mr. Wodarczyk 433-a to include allowed car maintenance.

Allowing the greater amount of transportation expenses would have resulted in a reduction of petitioner's future monthly disposable income.  Petitioner's attorney submitted the third amended offer in compromise, which reduced the immediate previous offer by $12,740, to reflect petitioner's revised position on the transportation expenses.  There is no indication in the record that petitioner provided any evidence to substantiate his claim that his transportation expenses were $352 per month.

The Appeals officer rejected the third amended offer in compromise.  He explained through correspondence:

> In your letter you stated that you noticed that Mr. Wodarczyk did not take the standard deduction for car maintenance, so you amended his Form 433-A and determined what an acceptable offer should be.
>
> I did consider all the information provided in this case and did adjust many of the items on Form 433-A as appropriate to allow reasonable amounts.  Transportation allowance was not adjusted because Mr. Wodarczyk is self-employed and claims car and truck expense to reduce his income from self-employment on his Schedule C.  I also considered the business Account receivables, the 1986 trooper sale value, the cash value of the insurance policy and the bank deposits over a (10) month period.  All these items were considered.  On Form 433-A, Mr. Wodarczyk

reported his monthly income at $1,100 and his monthly expenses at $1,305.

In due course, a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 was sent by certified mail to petitioner, which stated:

> The proposed levy action is appropriate. The tax liability is due and outstanding. Your income tax return, Form 1040, for the year ended December 31, 1993 was filed on October 3, 1994. It was audited and an additional assessment was made on May 5, 1997. The outstanding balance is valid and it is outstanding. You presented no valid alternatives to the proposed collection action.

Petitioner filed a timely petition in this Court seeking review of respondent's determination to reject his third amended offer in compromise and to proceed with levy.

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay the tax within 10 days after notice and demand for payment, the Secretary may collect the tax by levy upon the taxpayer's property. Section 6331(d) provides that the Secretary must provide the taxpayer with notice, including notice of the administrative appeals available to the taxpayer, before proceeding with collection by such a levy.

Section 6330 generally provides that the Commissioner cannot proceed with the collection of taxes by way of a levy until the taxpayer has been given notice and an opportunity for administrative review of the matter in the form of an Appeals

Office hearing.  Judicial review of the administrative determination is available if the taxpayer petitions this Court or the appropriate U.S. District Court.  Sec. 6330(d); see Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Where, as here, the underlying liability is not at issue, the Court will review the Commissioner's administrative determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000).[5]  The U.S. Court of Appeals for the Fifth Circuit equates an abuse of discretion standard with "arbitrary and capricious". Matassarin v. Lynch, 174 F.3d 549, 563 (5th Cir. 1999).[6]

In an Appeals Office hearing prior to levy, a taxpayer may present any relevant issue relating to the unpaid tax or the proposed levy, including spousal defenses, the appropriateness of

---

[5]     Since no notice of deficiency was ever issued to petitioner for 1993, petitioner could have, under sec. 6330(c)(2)(B), challenged the underlying tax liability for that year.  Petitioner did not do that but instead presented a collection alternative under sec. 6330(c)(2)(A)(iii).  Thus, the underlying tax liability is not at issue.

[6]     But for the provisions of sec. 7463(b), the decision in this case would be appealable to the U.S. Court of Appeals for the Fifth Circuit.  See sec. 7482(b)(1)(A).  This Court generally applies the law in a manner consistent with the holdings of the Court of Appeals to which an appeal of its decision lies, see Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), even in cases subject to sec. 7463(b).

the collection action, and offers of collection alternatives, such as posting a bond, substituting other assets, reaching an installment agreement, or making an offer in compromise. Sec. 6330(c)(2)(A). Under section 6330(c)(3), the Appeals officer's determination must consider (A) the verification that the requirements of applicable law and administrative procedures have been met, (B) issues raised by the taxpayer, and (C) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary.

With respect to the transportation expense, respondent's not allowing an increase in that item to $352 per month so as to reduce petitioner's monthly disposable income was not an abuse of discretion. Respondent accepted the $70 monthly amount petitioner had claimed on the Form 433-A, and petitioner provided no evidence to the Appeals officer that his monthly transportation expense was $352. Moreover, respondent followed published local standards for transportation expenses, which provide for the local standard or the amount actually paid, whichever is less. 2 Administration, Internal Revenue Manual (CCH), sec. 5.15.1.3.2.2(2), at 17,657. Respondent's actions were not arbitrary and capricious where the amount allowed was the amount petitioner originally provided; that amount was less than the local standard, and petitioner failed to substantiate

the subsequently claimed $352 per month.  See id. sec.

5.15.1.3(8)(a), at 17,655 ("A taxpayer is required to provide

evidence and justification for claimed expenses, except National

Standards.").  On these premises, the Court finds respondent's

computations to be reasonable and finds no abuse of discretion by

respondent.  Schulman v. Commissioner, T.C. Memo. 2002-129.

With respect to petitioner's contention that respondent

provided no independent review before rejecting petitioner's

third amended offer in compromise, there was also no abuse of

discretion.  Contrary to petitioner's contentions, respondent did

have an independent reviewer, the Appeals team manager, review

the offer in compromise.  This review occurred after the revenue

officer's verification and the Appeals officer's analysis and

recommendations.  Petitioner was given the one hearing to which

he was entitled under section 6330(b)(2), where he was

represented by counsel.  Petitioner's contention is rejected.

In sum, petitioner's third amended offer in compromise was

considered in detail.  Respondent followed standard guidelines on

the calculation of petitioner's monthly disposable income, giving

due consideration to each of the points raised by petitioner.

The record shows that respondent properly considered and

addressed the statutory criteria in analyzing petitioner's third

amended offer in compromise.  Ultimately, respondent concluded

that such offer did not fairly represent petitioner's ability to

pay and was not a valid collection alternative to the proposed levy.  This conclusion was not arbitrary and capricious.  There is no genuine issue as to any material fact, and respondent is entitled to judgment as a matter of law.  Accordingly, respondent's motion for summary judgment will be granted.

Reviewed and adopted as the report of the Small Tax Case Division.  To reflect the foregoing,

An order granting respondent's motion for summary judgment and decision for respondent will be entered.