T.C. Memo. 2011-220

UNITED STATES TAX COURT

MERCATO GLOBAL OPPORTUNITIES FUND, LP, JASON CHAI, A PARTNER
OTHER THAN THE TAX MATTERS PARTNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26268-09.                    Filed September 12, 2011.


<u>Frank Agostino</u> and <u>Jeremy M. Klausner</u>, for petitioner.

<u>Alan M. Jacobson</u> and <u>Timothy A. Sloane</u>, for respondent.


MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  This matter is before the Court on respondent's motion for partial summary judgment filed pursuant to Rule 121.[1]  Respondent issued Mercato Global Opportunities

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years at issue.

Fund, LP (Mercato), two notices of final partnership administrative adjustment (FPAAs) for 2003 and 2004 (years at issue). Respondent asks this Court to hold, as a matter of law, that the FPAAs were issued before the relevant limitations period for assessment of tax for partnership and affected items expired. Our decision turns on whether Mercato's tax matters partner (TMP) validly consented to extending the limitations period for the years at issue. We hold it did. We therefore grant respondent's partial summary judgment motion.

## Background

The following facts have been assumed solely for resolving the pending motion. Mercato's principal place of business was New York, New York, at the time petitioner filed the petition. Jason Chai (petitioner), Andrew Beer (Beer) and Apex Management, LLC (Apex), were partners of Mercato. Apex was Mercato's TMP for the years at issue. Beer was Apex's member-manager for the years at issue.

Beer, on behalf of Apex, executed Form 872-P, Consent to Extend the Time to Assess Tax, for the years at issue before the expiration of the time for assessing taxes attributable to partnership items, extending the period to issue Mercato FPAAs for the years at issue to June 30, 2009. Petitioner twice executed Form 872-I, Consent to Extend the Time to Assess Tax, for 2003, extending the assessment before June 30, 2009.

Mercato timely filed Forms 1065, U.S. Return of Partnership Income, for the years at issue. Petitioner timely filed a Federal income tax return for 2003, but he failed to file a return for 2004 until 2008. Respondent examined Mercato's Forms 1065 and determined that Mercato engaged in tax shelter transactions. Consequently, respondent issued FPAAs to Mercato on June 17, 2009, for the years at issue, disallowing certain losses.

Petitioner, as a notice partner, timely filed a petition for readjustment. Respondent thereafter filed this motion for partial summary judgment.

### Discussion

We are asked to decide whether partial summary judgment is appropriate. Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See, e.g., FPL Group, Inc. & Subs. v. Commissioner, 116 T.C. 73, 74 (2001). Either party may move for summary judgment upon all or any part of the legal issues in controversy. Rule 121(a). A motion for summary judgment or partial summary judgment will be granted if the pleadings, answers to interrogatories, depositions, admissions, and other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. See Rule 121(b); Elec. Arts, Inc. v. Commissioner, 118 T.C.

226, 238 (2002). The moving party has the burden of proving that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. See, e.g., Rauenhorst v. Commissioner, 119 T.C. 157, 162 (2002). We grant summary judgment cautiously and sparingly, and only after carefully ascertaining that the moving party has met all requirements for summary adjudication. See Associated Press v. United States, 326 U.S. 1, 6 (1945).

The period for assessing tax attributable to a partnership item is 3 years from the later of the date the partnership return is filed, or its due date. Sec. 6229(a). This period may be extended with respect to all partners of a partnership by agreement between the TMP and the Commissioner. Sec. 6229(b)(1). In this case, if Mercato's limitations period was validly extended under section 6229(b)(1), then the FPAAs for the years at issue were timely.

Petitioner argues that Apex did not validly consent to extending the limitations period under section 6229(a) because Beer, its member-manager, had a conflict of interest that precluded consent. We must decide whether, as a matter of law, Apex validly consented to extending the limitations period. We now turn to this issue.

We follow the Court of Appeals opinion squarely on point when appeal from our decision would lie to that court absent

stipulation by the parties to the contrary.  <u>Golsen v.

Commissioner</u>, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir.

1971).  This case is appealable to the U.S. Court of Appeals for

the Second Circuit.  That court has consistently held that the

Commissioner may not rely on a TMP's consent to extend the

limitations period to assess tax attributable to partnership

items where (1) the TMP has a serious conflict of interest and

(2) the Commissioner knows of the serious conflict at the time of

consent.  See <u>Leatherstocking 1983 Pship. v. Commissioner</u>, 296

Fed. Appx. 171, 172 (2d Cir. 2008), revg. T.C. Memo. 2006-164;

<u>Madison Recycling Associates v. Commissioner</u>, 295 F.3d 280, 288

(2d Cir. 2002), affg. T.C. Memo. 2001-85; <u>Transpac Drilling

Venture 1982-12 v. Commissioner</u>, 147 F.3d 221, 227 (2d Cir.

1998), revg. T.C. Memo. 1994-26.  A serious conflict exists where

the TMP has a strong incentive to ingratiate himself or herself

with the Government.  See <u>Transpac Drilling Venture 1982-12 v.

Commissioner</u>, <u>supra</u> at 227.  A serious conflict may be found when

at the time of consent the TMP is under criminal investigation

and the Government has provided the TMP some inducement (e.g.,

immunity or a reduced sentence) to cooperate with it.  See

<u>Madison Recycling Associates v. Commissioner</u>, <u>supra</u> at 289.  A

criminal investigation of a TMP, however, does not in itself

automatically preclude consent.  <u>Id.</u> at 288.  The serious

conflict must be actual.  <u>Id.</u>

Petitioner asks us to deny respondent's partial summary judgment motion because Apex had a serious conflict. Petitioner claims that Beer, Apex's member-manager, was under criminal investigation by respondent. Petitioner fails, however, to offer any facts to support his claim. Respondent, on the other hand, offers the affidavit of his Criminal Investigative Division as proof that Beer was not under criminal investigation when he executed the consent.

The party opposing summary judgment must set forth specific facts to show that a question of material fact exists and may not rely merely on allegations or denials in the pleadings. Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325 (1988); Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986). Petitioner fails to show Beer was under criminal investigation at the time of consent. Moreover, petitioner fails to show that Beer had any actual serious conflict.

We find that there is no genuine issue of material fact on whether the TMP had an actual "serious conflict of interest" that would preclude consent to extend the limitations period under section 6229(a). We further find, as a matter of law, that Apex validly consented under section 6229(b)(1) to extending the limitations period to June 30, 2009. We hold that respondent is entitled to judgment as a matter of law in his favor that the FPAAs issued to Mercato for the years at issue were timely.

Accordingly, we shall grant respondent's motion for partial summary judgment.

Because we hold that Mercato's limitations period under section 6229(a) was validly extended, the issue of whether petitioner validly consented to extending the limitations period by executing Form 872-I is moot.

We have considered all arguments the parties made in reaching our holdings, and, to the extent not mentioned, we find them irrelevant or without merit.

To reflect the foregoing,

<u>An appropriate order granting respondent's motion for partial summary judgment will be issued</u>.