T.C. Memo. 2011-273

UNITED STATES TAX COURT

JASON CHAI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13213-10.            Filed November 17, 2011.

<u>Frank Agostino</u> and <u>Jeremy M. Klausner</u>, for petitioner.

<u>Alan M. Jacobson</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  This matter is before the Court on respondent's motion for partial summary judgment filed pursuant to Rule 121.[1]  Respondent asks this Court to decide, as a matter

_____

[1]All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the year at issue.

of law, that the statute of limitations does not bar assessment of tax attributable to certain partnership items of Jason Chai (petitioner) that were converted to nonpartnership items for 2003.  Our decision turns on whether petitioner validly agreed to extend the applicable limitations period.  We hold he did.  We therefore will grant respondent's motion for partial summary judgment.

## Background

The following facts have been assumed solely for resolving the pending motion.  Petitioner resided in Connecticut at the time he filed the petition.  Petitioner filed a Federal income tax return for 2003.

Petitioner participated in tax shelters promoted by Andrew Beer (Beer) including one involving GST Partners, LP (GST).[2] Petitioner and Beer were partners in Mercato Global Opportunities Fund (Mercato), LP, which was the controlling partner of GST.  This made them indirect partners of GST.  See sec. 6231(a)(10).

GST filed Form 1065, U.S. Return of Partnership Income, for 2003.  Respondent investigated certain option transactions in which GST engaged.  Respondent requested in 2007 and in 2008 that petitioner agree to extend the applicable limitations period to assess tax attributable to petitioner's GST partnership items for

---

[2]GST is subject to the unified audit and litigation procedures of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 401, 96 Stat. 648.

2003. Petitioner consulted with Beer about respondent's requests. Petitioner had known Beer for many years, and Beer was married to petitioner's cousin.

Beer recommended that petitioner agree to respondent's requests. Petitioner did not consult with independent legal counsel. Subsequently, petitioner and respondent timely executed agreements (collectively, consents) consistent with the provisions of section 6501(c)(4) and section 6229(b)(3) to extend the applicable limitations period to assess tax attributable to petitioner's GST partnership items for 2003.

Respondent audited the partnership return that GST filed for 2003. Respondent determined that GST engaged in tax shelter transactions. Respondent issued GST's partners a Notice of Final Partnership Administrative Adjustment (FPAA) for 2003 disallowing certain losses. Petitioner elected under section 6223(e)(3)(B) to convert his GST partnership items to nonpartnership items (converted items) for 2003, which extended the applicable limitations period to assess tax with respect to the converted items. See sec. 6229(f). Respondent thereafter issued petitioner a Notice of Adjustment (adjustment notice) for 2003. Respondent issued both the FPAA and the adjustment notice within the applicable limitations period as extended by the consents and the conversion of petitioner's GST partnership items to nonpartnership items.

Petitioner timely filed a petition for redetermination with this Court.  Respondent then filed this motion for partial summary judgment.

Discussion

We are asked to decide whether respondent is entitled to partial summary judgment that the statute of limitations does not bar assessment of tax attributable to petitioner's converted items for 2003.  Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  See, e.g., FPL Group, Inc. & Subs. v. Commissioner, 116 T.C. 73, 74 (2001).  Either party may move for summary judgment upon all or any part of the legal issues in controversy.  Rule 121(a).  A motion for summary judgment or partial summary judgment will be granted if the pleadings and other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.  See Rule 121(b); Elec. Arts, Inc. v. Commissioner, 118 T.C. 226, 238 (2002).  The moving party has the burden of proving that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  See, e.g., Rauenhorst v. Commissioner, 119 T.C. 157, 162 (2002).  The party opposing summary judgment must set forth specific facts showing that there is a genuine issue for trial and may not rely

merely on allegations or denials in the pleadings. Rule 121(d); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Respondent argues that the FPAA and the adjustment notice were issued before the applicable limitations period expired and therefore the statute of limitations does not bar the assessment of tax attributable to petitioner's converted items. Petitioner argues that the FPAA and the adjustment notice were untimely because the consents he executed are invalid on grounds of undue influence by Beer. Accordingly, respondent is entitled to partial summary judgment if we hold that there are no issues of material fact and that as a matter of law the consents are valid and not obtained through undue influence.

We apply general contract principles in interpreting, applying and deciding the enforceability of waiver documents. See Mecom v. Commissioner, 101 T.C. 374, 384 (1993), affd. without published opinion 40 F.3d 385 (5th Cir. 1994); see also Horn v. Commissioner, T.C. Memo. 2002-207. A party whose assent to a contract is induced by undue influence of a person who is not a party to the contract may void the contract unless the other party to the contract in good faith and without reason to know of the undue influence either gives value or materially relies on the contract. 1 Restatement, Contracts 2d, sec. 177(3)

(1981).[3]  Undue influence is the unfair persuasion of a party by a person who dominates the party, or who, because of the relationship between them, the party is justified in assuming will not act inconsistent with his or her welfare.  Id. sec. 177(1).

Even if we assume that Beer had the requisite domination over or relation to petitioner, petitioner has failed to allege facts sufficient to show that Beer used unfair persuasion to induce his assent to the consents.  The ultimate question with unfair persuasion is whether the party's assent was produced by means that seriously impaired the party's free and competent exercise of judgment.  Id. sec. 177, comment b.  Here, petitioner merely alleges that he consulted with Beer before executing the consents and that Beer recommended that he execute them.  We find nothing in these allegations that demonstrates Beer persuaded petitioner to agree to the consents by means that seriously impaired his ability to exercise his own free and competent judgment.

Petitioner merely alleges that he was unduly influenced.  He failed to allege facts sufficient to show that Beer unfairly

---

[3]We consistently have found the Restatement of Contracts is a good source for identifying general contract principles.  See Mecom v. Commissioner, 101 T.C. 374, 385 (1993), affd. without published opinion 40 F.3d 385 (5th Cir. 1994); Kronish v. Commissioner, 90 T.C. 684, 693 (1988); see also Trout v. Commissioner, 131 T.C. 239, 250-251 (2008).

persuaded or influenced him to agree to the consents and thus cannot establish a necessary element of undue influence. Consequently, respondent is entitled to partial summary judgment that the consents were not obtained through undue influence by Beer. See <u>Celotex Corp. v. Catrett</u>, <u>supra</u> at 322 (holding summary judgment is appropriate where the objecting party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial).

We hold that there is no genuine issue of material fact and that, as a matter of law, the consents were not the product of undue influence. We therefore conclude that respondent is entitled to judgment as a matter of law that the statute of limitations does not bar the assessment of tax attributable to the converted items for 2003. Accordingly, we shall grant respondent's motion for partial summary judgment.

We have considered all arguments the parties made in reaching our holdings, and, to the extent not mentioned, we find them moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order granting respondent's motion for partial summary judgment will be issued</u>.