T.C. Memo. 2020-55

UNITED STATES TAX COURT

WOODLAND PROPERTY HOLDINGS, LLC,
WOODLAND LAND MANAGER, LLC, TAX MATTERS PARTNER, Petitioner
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10588-16.                     Filed May 13, 2020.

John P. Barrie, William G. Driggers, and Jerome A. Breed, for petitioner.

Kirk S. Chaberski, Duy P. Tran, and Michelle M. Robles, for respondent.

MEMORANDUM OPINION

LAUBER, Judge: This case involves a charitable contribution deduction

claimed by Woodland Property Holdings, LLC, for the donation of a conservation

easement. This is one of many cases pending in this Court involving "judicial ex-

tinguishment" clauses in easement deeds. Currently before the Court is a motion

**[\*2]** for partial summary judgment filed by the Internal Revenue Service (IRS or respondent). Respondent contends that the conservation purpose underlying the easement is not "protected in perpetuity," as required by section 170(h)(5)(A),[1] because the easement deed fails to comply with the regulations governing judicial extinguishment. See sec. 1.170A-14(g)(6), Income Tax Regs.

As petitioner acknowledges, the question presented by respondent's motion is identical, "with similar conservation easement language," to the question decided adversely to the taxpayer in R.R. Holdings, LLC v. Commissioner, T.C. Memo. 2020-22, and Oakbrook Land Holdings, LLC v. Commissioner, T.C. Memo. 2020-54. This question is substantially similar to that decided adversely to the taxpayer in PBBM-Rose Hill, Ltd. v. Commissioner, 900 F.3d 193 (5th Cir. 2018), and Coal Prop. Holdings, LLC v. Commissioner, 153 T.C. 126 (2019). Following the reasoning of these cases, we hold that the conservation purpose underlying the easement in this case was not "protected in perpetuity" as required by section 170(h)(5)(A). We will therefore grant respondent's motion.

---

[1]All statutory references are to the Internal Revenue Code in effect for the year at issue and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

**[*3]**                                   Background

The following facts are derived from the parties' pleadings, motion papers, and attached exhibits. Petitioner is the tax matters partner of Woodland Property Holdings, LLC (Woodland). Woodland is a Georgia limited liability company organized in September 2012 with its principal place of business in Atlanta, Georgia.

On December 13, 2012, Woodland acquired, by capital contribution, 980 acres of land in the western portion of South Carolina near the Georgia border. Woodland acquired this land from S.C. Woodlands and an affiliate (collectively, SCW). SCW thereby acquired a 99.99% interest in Woodland.

On December 18, 2012, SCW sold a 98.99% interest in Woodland to LCV Fund XIV, LLC (LCV), for $1,148,298. LCV was a passthrough entity organized by Woodland's principals to "provide tax benefits to investor members." In a private placement offering memorandum dated October 1, 2012, LCV sought to raise $1.92 million from investors by offering 192 membership units at $10,000 per unit. Investors were promised ratable shares of an $8,704,000 charitable contribution deduction expected to be claimed by Woodland for 2012. Investors were thus promised $4.53 of tax deductions for every $1.00 invested.

**[*4]**  On December 26, 2012, Woodland conveyed an easement covering the 980 acres to Southeast Regional Land Conservancy (SERLC or donee), a "qualified organization" for purposes of section 170(h)(3).  The deed of easement recognized the possibility that future circumstances might arise that would render the conservation purposes impossible to accomplish.  In that event the deed anticipated that the easement would be extinguished by a judicial proceeding and that the proceeds of any subsequent sale would be divided between the donor and the donee.

The deed's "judicial extinguishment" provision recited that the easement gave rise to a vested property right in the donee, the value of which "shall remain constant."  The value of the donee's property right was defined as the difference between (a) the fair market value (FMV) of the conservation area as if unburdened by the easement and (b) the FMV of the conservation area as burdened by the easement, with both values being "determined as of the date of this Conservation Easement."  The deed provided, in other words, that the donee's property right was equal to the historical value of the easement on the date it was granted.  If the property were sold following judicial extinguishment of the easement, the donee was "entitled to a portion of the proceeds at least equal to" the value of the easement as thus defined.

**[\*5]**  Woodland timely filed Form 1065, U.S. Return of Partnership Income, for its short taxable year ending December 31, 2012.  On that return it claimed a charitable contribution deduction of $8,703,000 for its donation of the easement.  In support of this valuation Woodland attached to its return an appraisal prepared by David R. Roberts.  He valued the easement using the "before and after" method, assuming that the property's highest and best use before imposition of the easement was for "Mixed Use Residential/Recreational facility."[2]

The IRS selected Woodland's return for examination.  On February 10, 2016, the IRS issued petitioner a notice of final partnership administrative adjustment (FPAA).  The FPAA disallowed the charitable contribution deduction in full, concluding that "it has not been established that all of the requirements of section 170 * * * have been satisfied for the contribution."  Alternatively, the FPAA determined that Woodland had failed to establish "that the fair market value

---

[2]As an alternative ground for disallowing the charitable contribution deduction respondent contends that Woodland failed to attach to its return "a fully completed appraisal summary."  See sec. 1.170A-13(c)(2)(i)(B), Income Tax Regs.  Respondent urges that the Form 8283, Noncash Charitable Contributions, included with Woodland's return was deficient because it gave misleading information concerning the manner in which it acquired the 980 acres and the date of that acquisition.  Cf. RERI Holdings I, LLC v. Commissioner, 149 T.C. 1, 16-17 (2017) (finding Form 8283 not in compliance because it failed to disclose cost or adjusted basis), aff'd sub nom. Blau v. Commissioner, 924 F.3d 1261 (D.C. Cir. 2019); Belair Woods, LLC v. Commissioner, T.C. Memo. 2018-159 (same).  Given our disposition we need not reach respondent's alternative argument.

**[\*6]** of the contributed property interest was $8,703,000 as claimed on the return."

The FPAA determined a 40% accuracy-related penalty under section 6662(h)

(applicable in the case of a "gross valuation misstatement") and in the alternative a

20% penalty under other provisions of section 6662. Petitioner timely petitioned

for readjustment of partnership items under section 6226.

Discussion

A.    Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly,

unnecessary, and time-consuming trials. See FPL Grp., Inc. & Subs. v. Commis-

sioner, 116 T.C. 73, 74 (2001). We may grant partial summary judgment regard-

ing an issue as to which there is no genuine dispute of material fact and a decision

may be rendered as a matter of law. Rule 121(b); Elec. Arts, Inc. v. Commission-

er, 118 T.C. 226, 238 (2002). The parties agree on all material facts relating to

whether the easement deed complies with the judicial extinguishment provisions

of the governing regulation. We conclude that this issue is appropriate for sum-

mary adjudication.

B.    Analysis

For an easement of the sort involved here, a charitable contribution deduc-

tion is allowable only if the underlying conservation purpose is "protected in per-

**[\*7]** petuity." Sec. 170(h)(5)(A); <u>see</u> <u>Coal Prop. Holdings</u>, 153 T.C. at 135. The regulations set forth detailed rules for determining whether this "protected in perpetuity" requirement is met. <u>See</u> sec. 1.170A-14(g), Income Tax Regs.

The rules governing "judicial extinguishment" appear in section 1.170A-14(g)(6), Income Tax Regs. It provides that the donor must agree that the easement gives rise to a property right in the donee having a FMV "that is at least equal to <u>the proportionate value</u> that the * * * [easement] at the time of the gift, bears to the value of the property as whole at that time." <u>Id.</u> subdiv. (ii) (emphasis added). In the event of a sale following judicial extinguishment of the easement, the donee "must be entitled to a portion of the proceeds at least equal to that proportionate value." <u>Ibid.</u> "In effect, the 'perpetuity' requirement is deemed satisfied because the sale proceeds replace the easement as an asset deployed by the donee 'exclusively for conservation purposes.'" <u>Coal Prop. Holdings</u>, 153 T.C. at 136 (quoting section 170(h)(5)(A)).

The regulation requires, in short, that the donee receive a proportionate share of the sale proceeds, as determined by the fraction set forth in the regulation.[3] The easement deed in this case does not satisfy this requirement. The deed

[3]The "proportionate share" formula does not apply if "state law provides that the donor is entitled to the <u>full proceeds</u> from the conversion." Sec. 1.170A-

(continued...)

**[*8]** defines the donee's share of the sale proceeds as the FMV of the easement, determined "as of the date of this Conservation Easement." The donee's share is thus restricted to "a date-of-gift value that would exclude subsequent appreciation." R.R. Holdings, at *13. The donee would accordingly "watch its proportion of potential extinguishment proceeds shrink over the years if the underlying property appreciates." Ibid. This shrinking value does not equal the "proportionate value" of the sale proceeds that the regulation mandates that the donee receive.

As petitioner notes, the deed defines the donee's share of the proceeds as an amount "at least equal to" the historical FMV of the easement. This simply means that the donor would have the option--as he would have in the absence of such explicit text--of giving the donee a larger share of the sale proceeds if he wished. But the regulation requires that the donee receive a vested property right in a proportionate share of the proceeds. "If the donee's only right under the deed is to

_____

³(...continued)
14(g)(6)(ii), Income Tax Regs. Petitioner does not contend that Woodland would be entitled to the full proceeds under State law.

**[*9]** receive 'at least' a <u>deficient</u> share, with a hope that there might be more, then the deed does not comply with the regulation." <u>Id.</u> at *15.[4]

Petitioner has supplied a declaration by a SERLC officer that it says "confirms the intent of SERLC that * * * [the easement] be in full compliance with * * * section 170(h)(5)(A) and section 1.170A-14(g), Income Tax Regs." The donee supplied a substantially similar declaration in <u>R.R. Holdings</u>, and we deemed it immaterial. "Whatever they intended, petitioner did not give and SERLC did not receive the necessary property right" in the deed that they actually executed. <u>See</u> <u>id.</u> at *16.

Finally, petitioner cites paragraph 6(D) of the deed, captioned "Construction of Terms." It provides: "If any provision of this Conservation Easement is found to be ambiguous, an interpretation consistent with its purposes that would render the provision valid should be favored over any interpretation that would render it invalid." This paragraph does not help petitioner here for at least two reasons. First, it proposes a cure only for ambiguous provisions. The deed is unambiguous

---

[4]Petitioner asserts that, "if the proceeds exceed the value [of the easement] determined on the date of the donation, there will be a [proportional] sharing of that excess" between the donor and the donee, using the fraction set forth in the regulation to effect that sharing. Petitioner undoubtedly wishes that the easement deed had been drafted to say this. But there is nothing in the text that comes close to supporting such an interpretation of the judicial extinguishment provision as actually drafted.

**[\*10]** in limiting the donee's vested property right to a share of the proceeds corresponding to the easement's fixed historical value.

Second, this paragraph counsels that ambiguous provisions of the deed should be interpreted in a manner that renders them valid. But neither party questions the validity of the deed's judicial extinguishment provision. We assume that this provision is valid and that it confers on SERLC the (limited) rights stated therein. The problem for petitioner is not that this provision is of uncertain validity, but that it does not confer on SERLC, as the regulation requires, a vested right to a proportional share of the sale proceeds. Paragraph 6(D) of the deed cannot cure problems of regulatory noncompliance.

To implement the foregoing,

<u>An order will be issued granting respondent's motion for partial summary judgment</u>.