116 T.C. No. 7

UNITED STATES TAX COURT

FPL GROUP, INC. AND SUBSIDIARIES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5271-96.               Filed February 1, 2001.

On its consolidated Federal income tax returns for
the years in issue, F claimed a credit for Federal
taxes on fuels.  F now seeks credits in addition to
amounts claimed on F's original Federal income tax
returns.  R argues that the so-called "one claim" rule
contained in sec. 6427(i)(1), I.R.C., acts as a bar to
F's additional claims for credit under sec. 34, I.R.C.

<u>Held</u>:  F is not barred by the so-called "one
claim" rule of sec. 6427(i)(1), I.R.C., from obtaining
additional credits under sec. 34, I.R.C.

<u>Robert Thomas Carney</u>, for petitioner.

<u>James F. Kearney</u>, for respondent.

## OPINION

RUWE, <u>Judge</u>:  This matter is before the Court on respondent's motion for partial summary judgment filed pursuant to Rule 121.[1]  The sole issue presented is whether petitioner is barred by the so-called "one claim" rule of section 6427(i)(1) from obtaining a credit under section 34 for amounts of Federal excise taxes paid on fuels.

### Background

FPL Group, Inc., is a corporation organized and existing under the laws of the State of Florida with its principal office located in Juno Beach, Florida.  FPL Group, Inc. and Subsidiaries (petitioner) filed consolidated Federal income tax returns for the years 1988 through 1992.  Petitioner attached to each return a Form 4136, Computation of Credit for Federal Tax on Fuels. Form 4136 is used to claim credit for Federal excise tax paid on fuels sold or used during the period of the claim.  On its Federal income tax returns for those years, petitioner claimed credits for Federal taxes on fuels as follows:

| Year | Credit |
|------|--------|
| 1988 | $279,732 |
| 1989 | 233,053 |
| 1990 | 275,303 |
| 1991 | 391,516 |
| 1992 | 332,568 |

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

In its second amended petition, petitioner alleged that respondent erred in failing to allow additional fuel tax credits for vehicles which are not "highway use" vehicles in the following amounts:

| Year | Credit |
|------|--------|
| 1988 | $135,194 |
| 1989 | 136,840 |
| 1990 | 143,340 |
| 1991 | 202,096 |
| 1992 | 215,649 |

These amounts are in addition to the amounts claimed as credits on petitioner's original Federal income tax returns for those years.

## Discussion

### I. Summary Judgment

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See Northern Ind. Pub. Serv. Co. v. Commissioner, 101 T.C. 294, 295 (1993); Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Full or partial summary judgment is appropriate where there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. See Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). Respondent, as the moving party, bears the burden of proving that no genuine issue exists as to any material fact and that he is entitled to

judgment as a matter of law.  See Bond v. Commissioner, 100 T.C. 32, 36 (1993); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). In deciding whether to grant summary judgment, the factual materials and the inferences drawn from them must be considered in the light most favorable to the nonmoving party.  See Bond v. Commissioner, supra at 36; Naftel v. Commissioner, supra at 529. In the instant case, there is no genuine issue as to any of the material facts that we have set forth in the background section of this opinion.

II.  Sections 6427 and 34

Respondent argues that petitioner is making a second claim under section 6427 and that the so-called "one claim" rule contained in section 6427(i)(1) acts as a bar to petitioner's claim for credit.  Petitioner argues that its claim for credit is being made under section 34 and that the "one claim" rule in section 6427(i)(1) has no application.

A.  Section 6427

Section 6427 provides a mechanism whereby a purchaser of fuel can obtain payment from the Secretary of taxes previously imposed on fuel which was not used for taxable purposes by the

purchaser.  See sec. 6427(a),[2] (l).[3]  Subsections (a) and (l) of section 6427 specifically pertain to nontaxable uses of diesel fuel previously taxed under sections 4041[4] and 4091.[5]

Limitations on filing a claim for payment under section 6427 are addressed in section 6427(i).  The general rule of limitation for payment of claims filed under section 6427 is that not more than one claim may be filed by any person with respect to fuel used during the taxable year.  Section 6427(i) provides:

SEC. 6427(i). Time for Filing Claims; Period Covered.--

(1) General rule.--Except as provided in paragraphs (2),(3), and (4), not more than one claim may be filed under subsection (a),(b),(d), [e in 1988

---

[2]SEC. 6427(a). Nontaxable uses.--Except as provided in subsection (k), if tax has been imposed under section 4041(a) or (c) on the sale of any fuel and the purchaser uses such fuel other than for the use for which sold, or resells such fuel, the Secretary shall pay (without interest) to him an amount equal to * * *

[3]SEC. 6427(l). Nontaxable uses of diesel fuel and aviation fuel taxed under section 4091.--

(1) In general.--Except as provided in subsection (k), * * * if any fuel on which tax has been imposed by section 4091 is used by any person in a nontaxable use, the Secretary shall pay (without interest) to the ultimate purchaser of such fuel an amount equal to the aggregate amount of tax imposed on such fuel under section 4091.

[4]Sec. 4041 imposes a tax on fuel sold for use or used in a diesel-powered highway vehicle.  Sec. 4041 does not apply if tax was already imposed under sec. 4091.  See sec. 4041(a)(1).

[5]Sec. 4091 imposes a tax on the sale of any taxable diesel fuel by the producer or importer thereof.  See sec. 4091(a). Taxable diesel fuel is that which is suitable for use in a highway vehicle.  See sec. 4092(a).

and 1989],(g),(h),(l), or (q)[(p) in 1988] by any
person with respect to fuel used * * * during his
taxable year; * * *[6]

Section 6427(i) does not refer to any claims filed under
subsection (k).  Section 6427(k) makes the following reference to
an income tax credit in lieu of payment:

> SEC. 6427(k). Income Tax Credit in Lieu of Payment.--
>
>    *   *   *   *   *   *   *
>
>  (3) Allowance of credit against income tax.--
>
>   For allowances of credit against the income
> tax imposed by subtitle A for fuel used or resold
> by the purchaser, see section 34.

B. <u>Section 34</u>

Section 34 allows a credit against income tax imposed under
subtitle A for the taxable year equal to the sum of the amounts
payable to the taxpayer under section 6427.  See sec. 34(a)(3).[7]

---

[6]The exceptions provided in paragraphs (2),(3), and (4) of
sec. 6427(i) are not relevant to this case.

[7]Sec. 34(a) provides:

>  SEC. 34(a). General rule.-- There shall be allowed as a
> credit against the tax imposed by this subtitle for the
> taxable year an amount equal to the sum of the amounts
> payable to the taxpayer--
>
>    *   *   *   *   *   *   *
>
>  (3) under section 6427--
>
>   (A) with respect to fuels used for
> nontaxable purposes or resold, or
>
>   (B) with respect to any qualified
> diesel-powered highway vehicle purchased (or

(continued...)

However, credit is not allowed under section 34(a) for an amount payable under section 6427, if a claim for such amount is timely filed and is "payable" under such section.[8]  Sec. 34(b).

C.  <u>Analysis</u>

The Court of Federal Claims has recently held that the "one claim" rule under section 6427(i) does not bar timely claims for tax credit under section 34.  See <u>Schlumberger Tech. Corp. & Subs. v. United States</u>, 47 Fed. Cl. 298 (2000).  We agree with the Court of Federal Claims and its reasoning.

Section 34(a)(3) provides:  "There shall be allowed as a credit * * * an amount equal to the sum of the amounts payable to the taxpayer * * * under section 6427".  The text of section 34 does not suggest that the credit it affords is limited by any of the procedural provisions of section 6427.  Rather, the reference to section 6427 contained in section 34 appears merely to be a convenient measure of the <u>amount</u> of the credit to be afforded. Section 6427(k) does not purport to control or limit the rights

---

[7](...continued)
     deemed purchased under section 6427(g)(6)),

during the taxable year (determined without regard to section 6427(k)).

[8]Sec. 34(b) provides:

     SEC. 34(b). Exception.--Credit shall not be allowed under subsection (a) for any amount payable under section 6421 or 6427, if a claim for such amount is timely filed and, under section 6421(j) or 6427(k), is payable under such section.

afforded petitioner under section 34.  Section 6427(k)(3) provides:  "For allowances of credit against the income tax imposed by subtitle A for fuel used or resold by the purchaser, see section 34."  The plain language of section 6427(k)(3) indicates that credits are provided in section 34, not section 6427.  Indeed, section 34(b) contemplates that a taxpayer may have made claims for payment under section 6427 and disallows credit only to the extent it duplicates such claims.

Respondent argues that section 6427(i), which generally prohibits the filing of more than one claim for payment, prohibits any credit if the taxpayer has made a prior claim for credit under section 6427(k).  But section 6427(i) imposes the "one claim" rule only with respect to claims for payment made under specified subsections.  Subsection (k) is not one of the specified subsections in subsection (i).  And as previously explained, claims for credit are made under section 34, not section 6427(k).

The legislative history of the Airport and Airway Revenue Act of 1970, Pub. L. 91-258, sec. 207, 84 Stat. 246, which added section 6427 to the Code, supports our view that sections 34 and 6427 are parallel authorities.  Section 207(a) of that act added section 6427 to the Code, while section 207(c) of the act, 84 Stat. 248, amended the existing section 39 (which is now section

34) by adding the language now found in section 34(a)(3).[9]

The text of the conference report provides, in part, as follows:

> This amendment provides procedures for the payment of amounts (under a new section 6427 of the Code) or for the crediting against income tax (under the existing section 39 of the Code) in the case of the retailers excise taxes on gasoline and special fuels. * * *
>
> The amendment also provides that, in general, the time for filing claims for credit under section 39, and the time for filing full-year claims by government bodies or exempt organizations for excise tax payments under specified sections of the Code, will be comparable to the time in which claim for credit or refund of income taxes may be filed.
>
> The House recedes with technical changes. [Conf. Rept. 91-1074, at 51 (1970), 1970-1 C.B. 401, 407.]

The conference report speaks of "procedures" to be made available, in a parallel structure of relief by "payment" (section 6427) or by "crediting against income tax" (section 39). The conference report does not suggest that section 6427 provides the exclusive or otherwise controlling authority.

The Senate report confirms our conclusion that sections 39 and 6427 were viewed by Congress as parallel authorities. The Senate report provides the following discussion regarding the different treatments of credits against income tax and payments under the excise tax provisions:

> Under the committee amendments, credits against income tax for gasoline, diesel fuels, special fuels, or lubricating oil tax (sec. 39) are to give rise to

---

[9]See supra note 7.

interest on overpayments as in the case of other income tax credits. On the other hand, payments under the excise tax provisions (secs. 6420, 6421, 6424, and 6427) for the gasoline, diesel fuels, special fuels, or lubricating oil taxes, as the case generally with regard to excise taxes (and as under present law), are made without interest being paid to the taxpayer. [S. Rept. 91-706, at 23 (1970), 1970-1 C.B. 386, 399.]

The Senate report does not suggest that the credits available under section 39 were created or limited by section 6427. The Senate report also notes the extension of the time within which a section 6427 claim may be made "will make the filing of full-year claims (but not the quarterly claims) for refunds (under secs. * * * 6427) similar to the new rule for claims for credits against income tax (under sec. 39)." S. Rept. 91-706, supra at 23, 1970-1 C.B. at 399. Thus, the relief afforded by sections 39 and 6427 appears to have been intended to be equal in authority and effect.

III. Conclusion

For the foregoing reasons, we deny respondent's motion for partial summary judgment, and we hold that petitioner is not barred by the so-called "one claim" rule of section 6427(i)(1) from obtaining a credit for fuel tax under section 34(a)(3).

An appropriate order will be issued denying respondent's motion for partial summary judgment.