T.C. Memo. 2011-193

UNITED STATES TAX COURT

JAMES AND VIRGINIA ELLINGTON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3466-10.                    Filed August 11, 2011.

<u>Thomas Smidt II</u>, for petitioners.

<u>Derek W. Kaczmarek</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  This matter is before the Court on the
parties' cross-motions for partial summary judgment, each under
Rule 121.[1]  Respondent determined deficiencies in petitioners'

_____

[1]All Rule references are to the Tax Court Rules of Practice
and Procedure, and all section references are to the Internal
Revenue Code in effect for the years at issue, unless otherwise
(continued...)

Federal income taxes and accuracy-related penalties under section 6662 for 2006 and 2007. The parties ask us to decide, as a matter of law, whether accrued interest on a home loan is deductible as investment interest if the taxpayer secures the loan by pledging corporate stock. We hold it is not. Accordingly, we shall grant respondent's motion for partial summary judgment and deny petitioners' cross-motion for partial summary judgment.[2]

## Background

The following facts have been assumed solely for resolving the pending motions. Petitioners purchased a personal residence in Albuquerque, New Mexico (the personal residence) in 1997 from Donald and Denise Midkiff (the Midkiffs). Petitioners paid the Midkiffs $1,578,000 for the personal residence.

Petitioners financed the personal residence purchase with a $1,578,000 loan (the Merrill loan) from Merrill Lynch Credit Corp. (Merrill). The Merrill loan was secured by the personal residence and 8,750 shares of Intel Corporation stock (the Intel stock) that petitioner husband owned as an Intel employee. The

_____

[1](...continued)
indicated.

[2]Respondent now concedes that petitioners may deduct interest accrued on $1.1 million of indebtedness secured by their personal residence as qualified resident interest. See sec. 163(h)(3)(B) and (C); Rev. Rul. 2010-25, 2010-44 I.R.B. 571. Accordingly, we do not consider this issue.

Intel stock was worth approximately $650,000 at the time.  The Intel stock was pledged as security for repayment of the Merrill loan in lieu of a down payment.

Petitioners refinanced the Merrill loan with a loan from ABN AMRO Mortgage Group, Inc. (ABN) of $1,605,000 (the ABN loan). Petitioners used $1,578,000 of the ABN loan proceeds to repay the Merrill loan.  Petitioners used $17,282 of the ABN loan proceeds to pay ABN settlement charges.  The ABN loan was secured solely by the personal residence.

Petitioners deducted a portion of the interest accrued on the Merrill loan and the ABN loan as investment interest for 2006 and 2007.  Petitioners never sold the Intel stock.  Respondent disallowed the deductions.  Petitioners timely filed a petition for redetermination while residing in New Mexico.

## Discussion

We are asked to decide whether partial summary judgment is appropriate.  Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  See, e.g., FPL Group, Inc. v. Commissioner, 116 T.C. 73, 74 (2001).  Either party may move for summary judgment upon all or any part of the legal issues in controversy.  Rule 121(a).  A motion for summary judgment or partial summary judgment will be granted if the pleadings, answers to interrogatories, depositions, admissions and other acceptable materials, together with any affidavits,

show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.  See Rule 121(b); Elec. Arts, Inc. v. Commissioner, 118 T.C. 226, 238 (2002).  The moving party has the burden of proving that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  See, e.g., Rauenhorst v. Commissioner, 119 T.C. 157, 162 (2002).  We grant summary judgment cautiously and sparingly, and only after carefully ascertaining that the moving party has met all requirements for summary adjudication.  See Associated Press v. United States, 326 U.S. 1, 6 (1945).

The parties agree there is no genuine issue of material fact but disagree, however, whether interest accrued on the Merrill loan and the ABN loan included any deductible investment interest under section 163(a), (d)(3)(A) and (h)(2)(B) for 2006 and 2007.

Petitioners argue that they may deduct interest accrued on the Merrill loan and ABN loan as investment interest to the extent it is not qualified resident interest and is attributable to the Intel stock.  Generally, investment interest is deductible up to the amount of net investment income.  Sec. 163(d)(1).  Investment interest is interest allowable as a deduction which is paid or accrued on indebtedness properly allocable to property held for investment.  Sec. 163(d)(3)(A).  We now consider whether

any interest accrued on the Merrill loan and the ABN loan is properly allocable to property held for investment.

Debt and interest are allocated to expenditures according to the use of the debt proceeds. Sec. 1.163-8T(c)(1), Temporary Income Tax Regs., 52 Fed. Reg. 25000 (July 2, 1987). Here, petitioners purchased the personal residence using the proceeds from the Merrill loan. All of the Merrill loan proceeds were disbursed by Merrill directly to the Midkiffs, the sellers. Because the Midkiffs received all of the Merrill loan proceeds, petitioners are treated as using all of the Merrill loan proceeds to purchase the personal residence. See sec. 1.163-8T(c)(3), Temporary Income Tax Regs., 52 Fed. Reg. 25001 (July 2, 1987). Thus, the full amount of petitioners' debt is allocated to the personal residence. See sec. 1.163-8T(c)(1), Temporary Income Tax Regs., supra. Moreover, all of the interest expense accrued on the Merrill loan is allocated to the personal residence. See id.

Petitioners argue that interest accrued on the Merrill loan is allocable to the Intel stock because the Merrill loan was partly secured by the Intel stock. We disagree. The allocation of debt and related interest is not affected by the use of property to secure repayment. Id. The temporary regulations under section 163 provide an example of a taxpayer who finances a car purchase for personal use with a loan and pledges corporate

stock held for investment as security.  Sec. 1.163-8T(c)(1),
Example, Temporary Income Tax Regs., supra.  The example treats
the interest expense as personal interest and not investment
interest, even though the loan is secured by investment property.
Id.

Here, petitioners used investment property to secure
repayment of a loan for a personal residence rather than a car.
This distinction is without a difference.  The use of investment
property to secure repayment of indebtedness has no effect on the
allocation of debt and interest.  Rather, it is the "use" of the
debt proceeds that determines the allocation.  Sec. 1.163-
8T(c)(1), Temporary Income Tax Regs., supra.  We hold that no
interest accrued on the Merrill loan is properly allocable to the
Intel stock as investment property.[3]

Petitioners finally argue that section 1.163-8T(c)(1),
Temporary Income Tax Regs., supra, is invalid because it
conflicts with section 163(d)(3)(A).  We disagree.  We previously
held that the tracing regime for allocating debt and interest
under section 1.163-8T(c)(1), Temporary Income Tax Regs., supra,
and the regulation itself are valid as applied under section

---

[3]Petitioners argue that a portion of the interest accrued on
the ABN loan is deductible as investment interest to the extent
that the Merrill loan included deductible investment interest.
We have determined that no interest accrued on the Merrill loan
is deductible investment interest.  This argument is of no
moment.

163(h)(2)(A). See <u>Robinson v. Commissioner</u>, 119 T.C. 44, 66-77 (2002). The validity analysis developed in <u>Robinson</u> applies with equal force here. Accordingly, we hold petitioners' regulation invalidity argument lacks merit and that no interest accrued on the Merrill loan or the ABN loan is deductible as investment interest for 2006 and 2007.

We have considered all arguments the parties made in reaching our holdings, and, to the extent not mentioned, we find them irrelevant or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued granting respondent's motion for partial summary judgment and denying petitioners' cross-motion for partial summary judgment</u>.