T.C. Memo. 2020-95

UNITED STATES TAX COURT

LUMPKIN HC, LLC, HURRICANE CREEK PARTNERS, LLC, TAX
MATTERS PARTNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 192-18.                    Filed June 23, 2020.

<u>David Mace Wooldridge</u>, <u>Ronald A. Levitt</u>, <u>Gregory P. Rhodes</u>, and

<u>Michelle A. Levin</u>, for petitioner.

<u>Christopher A. Pavilonis</u>, <u>A. Gary Begun</u>, <u>Jeremy D. Cameron</u>, and <u>Denise

A. Diloreto</u>, for respondent.

MEMORANDUM OPINION

KERRIGAN, <u>Judge</u>:  This case is before the Court on the parties' cross-

motions for partial summary judgment.  On November 9, 2017, respondent issued

**[\*2]** a notice of final partnership administrative adjustment (FPAA) for tax year 2012 to Hurricane Creek Partners, LLC, as tax matters partner for Lumpkin HC, LLC (Lumpkin HC). In the FPAA respondent disallowed a $8,242,000 deduction for a noncash charitable contribution and asserted a gross valuation misstatement penalty pursuant to section 6662(h), or in the alternative, a penalty pursuant to section 6662(a).[1]

Respondent contends that the extinguishment clause in Lumpkin HC's deed of conservation easement violates the requirements of section 1.170A-14(g)(6)(ii), Income Tax Regs. Respondent further contends that the deed's inclusion of a right to designate an acceptable development-area homesite violates section 170(h)(2)(C) and section 1.170A-14(g)(1), Income Tax Regs. Petitioner, by contrast, contends that the deed meets the requirements of section 170(h)(5) because the deed provides that the conservation purposes are protected in perpetuity. Petitioner further contends that respondent's interpretation of the regulation is incorrect or alternatively, if respondent's interpretation is found to be correct, that the regulation is invalid.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[*3]                              Background

There is no dispute as to the following facts drawn from the parties' motion papers and attached declarations and exhibits. When the petition was filed, Lumpkin HC's principal place of business was in Georgia.

On December 1, 2011, Charles R. Andrews III, George L. Frady, and Elizabeth A. Frady transferred a 523.71-acre tract of land in Lumpkin County, Georgia (property), to Lumpkin HC, a Georgia limited liability company subject to TEFRA proceedings.

On December 29, 2012, Lumpkin HC conveyed a deed of easement on most of the property to the Atlantic Coast Conservancy, Inc. (ACC), a Georgia nonprofit corporation. ACC was a "qualified organization" for purposes of section 170(h)(3). The deed was recorded in Lumpkin County on December 31, 2012. The easement covers 522.21 of the 523.71 acres that Lumpkin HC acquired (easement area).

Lumpkin HC claimed an $8,242,000 charitable contribution deduction for its contribution of the conservation easement to ACC on its 2012 Form 1065, U.S. Return of Partnership Income. Lumpkin HC attached Form 8283, Noncash Charitable Contributions, to its partnership return and stated that its adjusted tax basis in the property at the time of donation was $458,502. On the supplemental

**[*4]** statement attached to the Form 8283 Lumpkin HC listed the appraised fair market value (FMV) of the unencumbered property at the time of the donation as $9,139,000.

The deed includes provisions for the distribution of proceeds in the event of extinguishment or condemnation. Section 15.1 of the deed provides that, following a judicial extinguishment, the donee shall be entitled to a portion of the proceeds "at least equal to the perpetual conservation restriction's proportionate value unless otherwise provided by Georgia law at that time." The deed provides: "This easement constitutes a real property interest immediately vested in Conservancy." Section 15.2 explains the stipulation the parties agreed to regarding proceeds. This section provides:

> [T]his Easement shall have at the time of Extinguishment a fair market value determined by multiplying the then fair market value of the Easement Area unencumbered by the Easement (minus any increase in value after the date of this grant attributable to improvements) by the ratio of the value of the Easement at the time of this grant to the value of the Easement Area, without deduction for the value of the Easement, at the time of this grant.

The deed divides the easement area into three principal areas: (1) Resource Protection Area (RPA), (2) Acceptable Development Area (ADA), and (3) Agricultural Area (AA), any portion of the easement area that is not the ADA or the RPA. The RPA is the area surrounding Hurricane Creek. In an ADA there

**[*5]** can be a single-family dwelling or structure and agricultural access roads. The deed allows for six ADAs for the following purposes: a lodge, two homesites, a main access road, a secondary access road, and a storage shed.

Section 5.1 of the deed prohibits "the change, disturbance, alteration, or impairment of the relatively natural habitat for plants, wildlife, or similar ecosystems within and upon the Easement Area, except as provided herein in the Resource Protection Area, Agricultural Area and the Acceptable Development Area." Section 5.2 prohibits "the construction and/or placement of any building structures, permanent camping accommodations, mobile homes, or billboards, except as expressly provided herein in the Agricultural Area".

In the deed Lumpkin HC reserved the right to have two ADA homesites placed in the AA with 30 days' prior written notice to the ACC. The deed allows Lumpkin HC to use 1 acre and 1-1/2 acres of the AA as ADAs to construct homesites including single-family dwellings and accessory buildings and improvements such as garages, carports, and storage sheds. ACC's permission is not required to exercise any of these rights.

[*6]                                         Discussion

Summary judgment may be granted where the pleadings and other materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate that there is no genuine dispute as to any material fact and that the party is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). Both parties have moved for partial summary judgment, and they agree that there exist no genuine disputes of material fact regarding the questions they have asked us to decide. After reviewing the pleadings and the motions with accompanying exhibits and declarations, we conclude that a decision may be rendered as a matter of law.

I.     Qualified Conservation Contribution

Section 170(a)(1) allows a deduction for any charitable contribution made within the taxable year. If the taxpayer makes a charitable contribution of property other than money, the amount of the contribution is generally equal to the FMV of the property at the time the gift is made. See sec. 1.170A-1(c)(1), Income Tax Regs.

[*7]    The Code generally restricts a taxpayer's charitable contribution deduction for the donation of "an interest in property which consists of less than the taxpayer's entire interest in such property".  Sec. 170(f)(3)(A).  However, there is an exception to this rule for a "qualified conservation contribution."  Sec. 170(f)(3)(B)(iii).  This exception applies to a "qualified conservation contribution", which is a contribution of a qualified real property interest to a qualified organization exclusively for conservation purposes.  Sec. 170(h)(1).

Section 170(h)(5)(A) provides that a contribution will not be treated as being made exclusively for conservation purposes "unless the conservation purpose is protected in perpetuity."  The accompanying regulation recognizes that "a subsequent unexpected change in the conditions surrounding the [donated] property * * * can make impossible or impractical the continued use of the property for conservation purposes".  Sec. 1.170A-14(g)(6)(i), Income Tax Regs. In these circumstances the conservation purpose can be treated as protected in perpetuity if the restrictions are extinguished by judicial proceeding and the easement deed ensures that the charitable donee, following the sale of the property, will receive a proportionate share of the proceeds and use those proceeds consistently with the conservation purposes underlying the original gift.  Id.  This results in the satisfaction of the "perpetuity" requirement because the sale

**[*8]** proceeds replace the easement as an asset deployed by the donee "exclusively for conservation purposes". Sec. 170(h)(5)(A); see also Oakbrook Land Holdings, LLC v. Commissioner, 154 T.C. ___, ___ (slip op. at 7) (May 12, 2020).

Section 1.170A-14(g)(6)(ii), Income Tax Regs., defines "Proceeds", as follows:

> [F]or a deduction to be allowed under this section, at the time of the gift the donor must agree that the donation of the perpetual conservation restriction gives rise to a property right, immediately vested in the donee organization, with a fair market value that is at least equal to the proportionate value that the perpetual conservation restriction at the time of the gift, bears to the value of the property as a whole at that time. * * * For purposes of this paragraph * * *, that proportionate value of the donee's property rights shall remain constant. Accordingly, when a change in conditions give rise to the extinguishment of a perpetual conservation restriction under paragraph (g)(6)(i) of this section, the donee organization, on a subsequent sale, exchange, or involuntary conversion of the subject property, must be entitled to a portion of the proceeds at least equal to that proportionate value of the perpetual conservation restriction, unless state law provides that the donor is entitled to the full proceeds * * *.

Neither party contends that Lumpkin HC is entitled to the full proceeds pursuant to Georgia law.

To meet the requirements of section 1.170A-14(g)(6)(ii), Income Tax Regs. (proceeds regulation), the deed must guarantee that the donee will receive "a proportionate share of extinguishment proceeds". Carroll v. Commissioner, 146

**[\*9]** T.C. 196, 219 (2016); see PBBM-Rose Hill, Ltd. v. Commissioner, 900 F.3d 193, 207 (5th Cir. 2018) ("[T]he 'proportionate value' is a fraction equal to the value of the conservation easement at the time of the gift, divided by the value of the property as a whole at that time.").

Respondent contends that the deed violates the proceeds regulation because it provides that the portion of proceeds required to be allocated to the donee in the event of an extinguishment shall be reduced by the value of improvements to the land made by Lumpkin HC after the grant of the easement. Petitioner contends that the deed satisfies the regulation because proceeds attributable to the value of improvements made by the landowner after the donation of the conservation easement are not immediately vested and are not part of the easement granted to the donee.

The proceeds regulation specifically states that the donee "must be entitled to a portion of the proceeds at least equal to that proportionate value". Sec. 1.170A-14(g)(6)(ii), Income Tax Regs. The word "must" clearly requires that the donee receive at least the proportionate value. PBBM-Rose Hill, Ltd. v. Commissioner, 900 F.3d at 208. The regulation does not permit that "any amount, including that attributable to improvements, may be subtracted out" of the proceeds. Id.; see also Coal Prop. Holdings, LLC v. Commissioner, 153 T.C. 126,

[*10] 138 (2019). Since the deed reduces the donee's share of the proceeds by reducing the FMV of the unencumbered property at the time of sale by any increase in value attributable to posteasement improvements before applying the proportionate distribution percentages, the conservation purpose is not protected in perpetuity. See sec. 170(h)(5)(A); sec. 1.170A-14(g)(6)(ii), Income Tax Regs.; see also PBBM-Rose Hill, Ltd. v. Commissioner, 900 F.3d at 208; Coal Prop. Holdings, LLC v. Commissioner, 153 T.C. at 139.

Respondent also argues that the deed does not qualify as transferring a qualified real property interest because it reserves the right for Lumpkin HC or a subsequent fee simple landowner to redesignate unidentified portions of the AA as ADAs. We have established above that the contribution does not qualify under section 170 as a "qualified conservation contribution" because the deed's extinguishment clause fails to meet the requirements of the proceeds regulation. Accordingly, we do not need to address this issue.

II.     Validity of the Proceeds Regulation

Petitioner contends that respondent's interpretation of the proceeds regulation is incorrect. We have decided that respondent's interpretation is correct and that the deed does not comply with the regulation. Petitioner further contends

[*11] that if respondent's interpretation is correct, then the proceeds regulation is arbitrary and capricious and is therefore invalid.

When considering whether a regulation is arbitrary and capricious, we generally employ the two-part inquiry established by Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837 (1984). The first part is to inquire "whether Congress has directly spoken to the precise question at issue." Id. at 842. If the intent of Congress is clear, there is no further inquiry. Id. Pursuant to section 170(h)(5)(A) the conservation purpose must be "protected in perpetuity." However, Congress did not address specifically the allocation of extinguishment proceeds. See Oakbrook Land Holdings, LLC v. Commissioner, 154 T.C. at ___ (slip op. at 26).

We now consider whether the proceeds regulation "is based on a permissible construction of the statute." See Chevron, 467 U.S. at 843. Since the statute is silent, we must give deference to the interpretation embodied in the agency's regulation unless it is "arbitrary, capricious, or manifestly contrary to the statute." Id. at 844; see United States v. Mead Corp., 533 U.S. 218, 227 (2001). We will uphold the regulation if it represents a "reasonable interpretation" of the law Congress enacted. See Chevron, 467 U.S. at 844; see also SIH Partners LLLP v. Commissioner, 150 T.C. 28, 50 (2018), aff'd, 923 F.3d 296 (3d Cir. 2019).

[*12] Petitioner does not challenge the validity of the proceeds regulation in its entirety. Rather, petitioner contests the regulation on two grounds: (1) the requirement that an easement deed allocate the economic benefit of subsequent improvements made (and paid for) by the landowner to the donee upon termination of the easement lacks a rational basis and (2) the "proportionate value" provision of the proceeds regulation is ambiguous.

Petitioner contends that there is no rational basis for requiring that an easement deed ensure that the donee will share the economic benefit of subsequent improvements made and funded by a landowner, because the donee does not contribute toward the cost of the improvements and the landowner does not receive a deduction for any such improvements. Petitioner argues further that it is even more irrational to require a subsequent landowner to forfeit to the land trust a substantial portion of the proceeds attributable to the improvements made and owned by the subsequent owner despite the fact that the subsequent owner did not donate the easement to the land trust or receive a charitable contribution deduction. It asserts that such a result is illogical and inconsistent with the purpose of the proceeds regulation.

The regulation does not address donor improvements. The absence of a provision addressing donor improvements does not render the regulation

**[\*13]** "arbitrary, capricious, or manifestly contrary to the statute." Chevron, 467 U.S. at 844; see also Oakbrook Land Holdings, LLC v. Commissioner, 154 T.C. at ___ (slip op. at 29).

In Oakbrook Land Holdings, LLC v. Commissioner, 154 T.C. at ___ (slip op. at 29), we reasoned that Treasury's goal in prescribing the proceeds regulation was to ensure satisfaction of the statute's "protected in perpetuity" requirement. This requirement is deemed satisfied under Treasury's interpretation of the proceeds regulation because the sale proceeds replace the easement as an asset employed by the donee "exclusively for conservation purposes". Sec. 170(h)(5)(A); see also Oakbrook Land Holdings, LLC v. Commissioner, 154 T.C. at ___ (slip op. at 8). There may be scenarios, such as a decline in land values, in which reducing the donee's proceeds by the value of landowner improvements would frustrate the goal of the sales proceeds' replacing the value of the easement. Oakbrook Land Holdings, LLC v. Commissioner, 154 T.C. at ___ (slip op. at 29).

We stated in Oakbrook that "Treasury's overarching goal was to guarantee that the donee, upon judicial extinguishment of the easement, would receive the full share of proceeds to which it was entitled." Id. at ___ (slip op. at 31). We concluded that Treasury exercised reasoned judgment in its effort to reach the goal of section 170(h)(5)(A). Id.

**[\*14]** Petitioner also contends that the "proportionate value" provision of the proceeds regulation is ambiguous. Pursuant to section 1.170A-14(g)(6)(ii), Income Tax Regs., the donee's share is determined by multiplying the sale proceeds by a fraction, the numerator of which is the FMV of the easement at the time it was granted, and the denominator of which is the FMV of the entire property at that time. In Oakbrook Land Holdings, LLC v. Commissioner, 154 T.C. at ___ (slip op. at 28), we concluded that the proceeds regulation's "proportionate value" approach is not "arbitrary, capricious, or manifestly contrary to the statute" as examined under the two-part inquiry.

III.    Conclusion

The deed granting the conservation easement reduces the donee's share of the proceeds in the event of extinguishment by the value of improvements (if any) made by the donor. Accordingly, petitioner has not satisfied the perpetuity requirement of section 170(h)(5)(A). Furthermore, we reject petitioner's challenge to the validity of the proceeds regulation and find that the construction of section 170(h)(5) as set forth in section 1.170A-14(g)(6), Income Tax Regs., is valid under Chevron. See Oakbrook Land Holdings, LLC v. Commissioner, 154 T.C. at ___ (slip op. at 25, 28-33).

**[*15]** Accordingly, we will grant respondent's motion for partial summary judgment and deny petitioner's cross-motion for partial summary judgment. We have considered all of the arguments made by the parties, and to the extent not mentioned above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.