# United States Tax Court

T.C. Memo. 2023-68

SALACOA STONE QUARRY, LLC,
ECO TERRA 2017 FUND, LLC, TAX MATTERS PARTNER,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

———————

Docket No. 22615-21.                         Filed May 31, 2023.

———————

*Ethan J. Vernon*, *Robert B. Gardner III*, *Anson H. Asbury*, and *Lauren T. Heron*, for petitioner.

*Victoria E. Cvek*, *Stephen A. Haller*, *Stephen C. Welker*, and *Phillip A. Lipscomb*, for respondent.

## MEMORANDUM OPINION

LAUBER, *Judge*: This case involves a charitable contribution deduction claimed for 2017 by Salacoa Stone Quarry, LLC (Salacoa), for the donation of a conservation easement. The Internal Revenue Service (IRS or respondent) issued a notice of final partnership administrative adjustment (FPAA) disallowing the deduction and determining penalties. Currently before the Court is respondent's Motion for Partial Summary Judgment contending that the IRS complied with the requirements of section 6751(b)(1) by securing timely supervisory approval of all penalties at issue.[1] We agree and will grant the Motion.

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*2]                              *Background*

The following facts are derived from the pleadings, the parties' Motion papers, and the Exhibits and Declarations attached thereto. They are stated solely for purposes of deciding respondent's Motion and not as findings of fact in this case. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

Salacoa is a Georgia limited liability company (LLC) organized in December 2016. It is treated as a TEFRA[2] partnership for Federal income tax purposes, and its tax matters partner is Eco Terra 2017 Fund, LLC (petitioner), likewise a Georgia LLC. Salacoa had its principal place of business in Georgia when the Petition was timely filed. Absent stipulation to the contrary, appeal of this case would lie to the U.S. Court of Appeals for the Eleventh Circuit. *See* § 7482(b)(1)(E).

In December 2016 Salacoa purchased a 106-acre tract (Property) in Pickens County, Georgia, for $304,000. On December 22, 2017, after petitioner had solicited investors desirous of large tax deductions, Salacoa granted to the Foothills Land Conservancy an open-space conservation easement over most of the Property. Salacoa timely filed Form 1065, U.S. Return of Partnership Income, for its 2017 tax year, claiming a charitable contribution deduction of $24.8 million for its donation of the easement.

The IRS selected Salacoa's 2017 return for examination, and in December 2019 it assigned the case to Revenue Agent (RA) Richard Skinner. In November 2020, as the examination neared completion, RA Skinner recommended assertion against Salacoa of the 40% penalty for gross valuation misstatement. *See* § 6662(h). In the alternative, he recommended assertion of a 20% penalty for substantial valuation misstatement, reportable transactions understatement, negligence, and/or substantial understatement of income tax. *See* §§ 6662(b)(1)–(3), (c)–(e), 6662A(b).

RA Skinner's recommendations to this effect were set forth in a civil penalty lead sheet and approval form, a copy of which is attached to respondent's Motion. RA Skinner's team manager, Margaret McCarter, affixed her digital signature to the penalty lead sheet at 8:30 a.m. on November 10, 2020. Ms. McCarter verified that she was the

---

[2] Before its repeal, TEFRA (Tax Equity and Fiscal Responsibility Act of 1982), Pub. L. No. 97-248, §§ 401–407, 96 Stat. 324, 648–71, governed the tax treatment and audit process for many partnerships, including Salacoa.

[*3] "immediate supervisor" of RA Skinner, who "made the initial determination of the penalties" indicated on the form, and that Ms. McCarter "personally approve[d] them."

On February 2, 2021, RA Skinner mailed petitioner a packet of documents, including Form 4605–A, Examination Changes, and Form 886–A, Explanation of Items, which set forth his proposed adjustments and penalty recommendations. This packet of documents constituted the first formal communication to petitioner that the IRS intended to assert the penalties discussed above, as recommended by RA Skinner and approved by Ms. McCarter. Four months later, on June 17, 2021, the IRS issued petitioner an FPAA, disallowing (among other things) the $24.8 million deduction Salacoa claimed for the conservation easement and determining the aforementioned penalties. Petitioner timely petitioned this Court for readjustment of partnership items.

*Discussion*

I.   *Summary Judgment Standard*

The purpose of summary judgment is to expedite litigation and avoid costly, unnecessary, and time-consuming trials. *See FPL Grp., Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74 (2001). We may grant partial summary judgment regarding an issue as to which there is no genuine dispute of material fact and a decision may be rendered as a matter of law. *See* Rule 121(a)(2); *Sundstrand Corp.*, 98 T.C. at 520. In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *Sundstrand Corp.*, 98 T.C. at 520. Where the moving party makes and properly supports a motion for summary judgment, "the nonmovant may not rest on the allegations or denials in that party's pleading" but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine dispute for trial. Rule 121(d).

II.   *Analysis*

Section 6751(b)(1) provides that "[n]o penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination."[3] In *Kroner v. Commissioner*, 48

[3] Although the Commissioner does not bear a burden of production with respect to penalties in a partnership-level proceeding, a partnership may raise section 6751(b)

**[\*4]** F.4th 1272, 1276 (11th Cir. 2022), *rev'g in part* T.C. Memo. 2020-73, the U.S. Court of Appeals for the Eleventh Circuit held that "the IRS satisfies [s]ection 6751(b) so long as a supervisor approves an initial determination of a penalty assessment before [the IRS] assesses those penalties." The court interpreted the phrase "initial determination of [the] assessment" to refer to the "ministerial" process by which the IRS formally records the tax debt. *See id.* at 1278. Absent stipulation to the contrary, this case is appealable to the Eleventh Circuit, and we thus follow its precedent. *See Golsen v. Commissioner*, 54 T.C. 742, 756–57 (1970), *aff'd*, 445 F.2d 985 (10th Cir. 1971).

Under a literal application of the standard enunciated in *Kroner*, supervisory approval could seemingly be secured at any moment before actual assessment of the tax. But the Eleventh Circuit left open the possibility that supervisory approval in some cases might need to be secured sooner, i.e., before the supervisor "has lost the discretion to disapprove" the penalty determination. *See Kroner v. Commissioner*, 48 F.4th at 1279 n.1; *cf. Laidlaw's Harley Davidson Sales, Inc. v. Commissioner*, 29 F.4th 1066, 1074 (9th Cir. 2022) (treating supervisory approval as timely if secured before the penalty is assessed or "before the relevant supervisor loses discretion whether to approve the penalty assessment"), *rev'g and remanding* 154 T.C. 68 (2020); *Chai v. Commissioner*, 851 F.3d 190, 220 (2d Cir. 2017) (concluding that supervisory approval must be obtained at a time when "the supervisor has the discretion to give or withhold it"), *aff'g in part, rev'g in part* T.C. Memo. 2015-42.

All of the penalties at issue were approved by Ms. McCarter on November 10, 2020. Respondent has supplied a copy of the civil penalty lead sheet and approval form, which Ms. McCarter signed as RA Skinner's "immediate supervisor," affixing her official IRS digital signature bearing that date and the time (8:30 a.m.). RA Skinner's case activity record—also included in respondent's Motion—shows that Ms. McCarter supervised him during the Salacoa examination. We accordingly conclude that Ms. McCarter was RA Skinner's "immediate supervisor" within the meaning of section 6751(b)(1). *See Sand Inv. Co. v. Commissioner*, 157 T.C. 136, 142 (2021) (holding that the "immediate supervisor" is the person who supervises the agent's substantive work on an examination).

---

as an affirmative defense. *See Dynamo Holdings Ltd. P'ship v. Commissioner*, 150 T.C. 224, 236–37 (2018).

**[\*5]**   Petitioner does not dispute that RA Skinner prepared the civil penalty lead sheet and approval form, recommending the assertion of all penalties at issue.  Nor does petitioner dispute that Ms. McCarter, his immediate supervisor, signed the form in November 2020.  Rather, petitioner focuses on what it calls a "discrepancy" between the date in Ms. McCarter's digital signature block (November 10) and the date appearing in the bottom right-hand corner of the form (November 20).  Given this supposed discrepancy, petitioner contends that additional discovery is necessary to determine whether respondent actually complied with section 6751(b)(1).  Petitioner has issued informal discovery and FOIA requests seeking (among other things) "emails, correspondence, notes, and other documents" between and among RA Skinner, Ms. McCarter, and all other members of the IRS exam team.

We are mindful that "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery."  *Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) (noting that the nonmoving party must have had "a full opportunity to conduct discovery").  But discovery must be relevant to "the subject matter involved in the pending case."  *Accord Hickman v. Taylor*, 329 U.S. 495, 507–08 (1947); *see* Rule 70(b)(1); *Caney v. Commissioner*, T.C. Memo. 2010-90, 99 T.C.M. (CCH) 1366, 1368.

The discovery petitioner seeks is irrelevant to resolution of the question presented by respondent's Motion.  *See* Rule 121(e); *Caney*, 99 T.C.M. (CCH) at 1368 (considering whether "further discovery would likely yield any fact essential to [the nonmoving party's] opposition to the [summary judgment] motion").  Section 6751(b) is captioned "Approval of assessment."  As we have said before: "The written supervisory approval requirement . . . requires just that: written supervisory approval."  *Pickens Decorative Stone, LLC v. Commissioner*, T.C. Memo. 2022-22, 123 T.C.M. (CCH) 1127, 1130 (quoting *Raifman v. Commissioner*, T.C. Memo. 2018-101, 116 T.C.M. (CCH) 13, 28).  We confine our search to seeking evidence of timely written supervisory approval.  *See Raifman*, 116 T.C.M. (CCH) at 27–28.

The record includes documents demonstrating the required written supervisory approval.  By propounding discovery requesting communications among the IRS exam team, petitioner seeks improperly to look behind the signature appearing on the face of the form.  *See Sparta Pink Prop., LLC v. Commissioner*, T.C. Memo. 2022-88, 124 T.C.M. (CCH) 121, 124; *Patel v. Commissioner*, T.C. Memo. 2020-133, 120 T.C.M.

**[\*6]** (CCH) 211, 214 (refusing to "look behind the civil penalty approval form" (citing *Raifman*, 116 T.C.M. (CCH) at 28)). We have repeatedly held that a manager's signature on a civil penalty approval form, without more, is sufficient to satisfy the statutory requirements. *See Sparta Pink Prop.*, 124 T.C.M. (CCH) at 124 (citing *Belair Woods, LLC v. Commissioner*, 154 T.C. 1, 17 (2020)). And we have regularly decided section 6751(b)(1) questions on summary judgment on the basis of IRS forms and records. *See, e.g.*, *Sand Inv.*, 157 T.C. at 142; *Long Branch Land, LLC v. Commissioner*, T.C. Memo. 2022-2; *Excelsior Aggregates, LLC v. Commissioner*, T.C. Memo. 2021-125.

In any event, under Eleventh Circuit precedent, the line of argument petitioner seeks to advance is a nonstarter. The Form 4605–A and the Form 866–A were mailed to petitioner on February 2, 2021, and the FPAA was issued on June 17, 2021. During the entire month of November 2020, therefore, the IRS examination remained at a stage where Ms. McCarter had discretion to approve or disapprove the penalty recommendations. *See Kroner v. Commissioner*, 48 F.4th at 1279 n.1. It seems highly likely that she affixed her signature on November 10, the date included in her digital signature block. But even if she granted approval on November 20, it would make no difference in terms of timeliness. Either way, Ms. McCarter approved the relevant penalties in writing at a time when she had discretion to grant or withhold approval. Thus, under a reading of *Kroner* most favorable to petitioner, the IRS complied with section 6751(b)(1) in this case, and any further discovery on this topic would be irrelevant.

To reflect the foregoing,

*An order will be issued granting respondent's Motion for Partial Summary Judgment.*