# United States Tax Court

T.C. Memo. 2023-123

ERIC WILFRED OLSON,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 21941-22L.                    Filed October 10, 2023.

————

*Carmela Graciela Walrond*, for petitioner.

*Daniel Seger* and *Brian J. Bilheimer*, for respondent.


MEMORANDUM OPINION

WEILER, *Judge*: In this collection due process (CDP) case, petitioner, Eric Wilfred Olson, seeks review pursuant to sections 6320(c)[1] and/or 6330 of the determination by the Internal Revenue Service (IRS) Independent Office of Appeals (Appeals) upholding the filing of a Notice of Federal Tax Lien (NFTL) for taxable years 2016 and 2018.

Respondent has filed a Motion for Summary Judgment under Rule 121, contending that there are no disputes of material fact, and that Settlement Officer (SO) Buddenhagen did not abuse her discretion in sustaining the filing of the NFTL. Mr. Olson filed an Objection and a

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts are rounded to the nearest dollar.

**[\*2]** Supplemental Objection to respondent's Motion. For the reasons set forth below, the Court will grant respondent's Motion.

## *Background*

The following facts are derived from the parties' pleadings and Motion papers, including the Declarations and Exhibits attached thereto. *See* Rule 121(c). Mr. Olson resided in New Jersey when he filed his Petition.

The balances due arise from the tax reported by Mr. Olson and his spouse, Verlene Olson, on the joint Forms 1040, U.S. Individual Income Tax Return, filed for tax years 2016 and 2018. Mr. Olson filed the tax returns late for both years and failed to make timely payments. As a result, late filing and payment penalties,[2] along with interest, were assessed by the IRS against Mr. Olson and his spouse. The IRS account transcripts reflect balances due of $36,697 and $39,741 for tax years 2016 and 2018, respectively. These liabilities are joint liabilities for Mr. Olson and his spouse. However, Mr. Olson is the only party to this proceeding as he was the only spouse to submit Form 12153, Request for a Collection Due Process or Equivalent Hearing, requesting a CDP hearing; the only spouse to participate in the CDP hearing; and the only spouse listed on the Notice of Determination.

On March 22, 2022, the IRS mailed Mr. Olson and his spouse Letter 3172, Notice of Federal Tax Lien and Your Right to a Hearing under IRC 6320, for tax years 2016 and 2018. In response, on April 22, 2022, Mr. Olson timely submitted Form 12153, on which he checked the "Installment Agreement" box as a collection alternative. Mr. Olson also checked the box labeled "Other" on Form 12153, under which he requested penalty and interest relief. Additionally, Mr. Olson checked the box labeled "Innocent Spouse relief," requesting innocent spouse relief for his spouse. Mr. Olson indicated that his spouse's tax liability was "paid by her employer."

---

[2] It is unclear from the record before us what the statutory bases are for these additional amounts, separate from tax and interest, which is due to the Commissioner from Mr. Olson as a result of his late filing and payment. The record does not indicate whether these amounts arise from additions to tax or penalties. The parties in this case refer to these amounts as penalties, and we do so as well. The classification of these amounts as additions to tax or penalties has no effect on our decision to sustain the filing of the NFTL.

**[*3]**     SO Buddenhagen was assigned to Mr. Olson's CDP hearing, and on May 27, 2022, she sent Mr. Olson a Letter 4837 scheduling a CDP telephone conference for June 24, 2022, which was later rescheduled for August 4, 2022. In the letter mailed to Mr. Olson, SO Buddenhagen requested copies of his then-unfiled tax returns for tax years 2019, 2020, and 2021 and proof of estimated tax payments. During the CDP hearing, SO Buddenhagen indicated to Mr. Olson that despite including all household expenses, his Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, was incomplete since it failed to include his spouse's income. Mr. Olson indicated to SO Buddenhagen that this was because his spouse felt that she was not responsible for the tax liabilities. SO Buddenhagen informed Mr. Olson that if his spouse was not responsible for the joint liabilities, she would need to request innocent spouse relief herself. SO Buddenhagen reviewed the financial statement furnished by Mr. Olson and determined that, after allowable expenses, he had the ability to pay $1,696 monthly.

However, during the CDP hearing SO Buddenhagen explained to Mr. Olson that he remained ineligible for an installment agreement since his 2020 and 2021 tax returns were outstanding[3] and his 2022 estimated tax payments were overdue. At the conclusion of the CDP hearing, SO Buddenhagen gave Mr. Olson approximately 30 days to rectify his delinquent filings and payments. SO Buddenhagen left a message for Mr. Olson on September 2, 2022, inquiring about the delinquent returns and payments, and once again informed him that a collection alternative could not be considered until he was in compliance with his federal tax filing obligations. Mr. Olson returned SO Buddenhagen's call on September 4, 2022, and indicated that his delinquent returns were not completed, and he did not have the funds to make the overdue estimated tax payments.

On September 14, 2022, SO Buddenhagen issued a Notice of Determination sustaining the NFTL filing, determined that Mr. Olson was not eligible for penalty relief, and denied a payment plan since Mr. Olson was not in filing compliance and failed to produce signed copies of his tax returns for 2020 and 2021.

---

[3] Mr. Olson filed his 2019 delinquent personal tax return while his CDP hearing was pending.

[*4] Following receipt of the Notice of Determination, Mr. Olson timely petitioned this Court on October 13, 2022, requesting a collection alternative and penalty relief.

On March 15, 2023, respondent filed his Motion for Summary Judgment and Declaration in support thereof. On May 5, 2023, Mr. Olson filed his Objection to Motion for Summary Judgment. Mr. Olson hired counsel and filed a Motion for Leave to File First Amended Petition on June 5, 2023. On June 16, 2023, Mr. Olson filed a First Amended Motion for Leave to File First Amended Petition. In these Motions, Mr. Olson sought for the first time to contest the underlying tax liabilities, include his spouse as a party to this case, and assert innocent spouse relief on her behalf. Pursuant to an Order from this Court, on June 29, 2023, Mr. Olson filed his First Supplemental Objection to Motion for Summary Judgment. On July 14, 2023, this Court denied Mr. Olson's Motion for Leave to File First Amended Petition, as amended.

*Discussion*

I.      *Summary Judgment Standard*

The purpose of summary judgment is to expedite litigation and avoid unnecessary and time-consuming trials. *FPL Grp., Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74 (2001); *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). We may grant summary judgment when there is no genuine dispute of material fact and a decision may be rendered as a matter of law. Rule 121(a)(2); *Elec. Arts, Inc. v. Commissioner*, 118 T.C. 226, 238 (2002). However, it is not a substitute for trial; it should not be used to resolve genuine disputes over material factual issues. *Elec. Arts. Inc.*, 118 T.C. at 238. When determining whether to grant summary judgment, we must view factual materials and inferences drawn therefrom in the light most favorable to the nonmoving party. *See FPL Grp., Inc. & Subs.*, 116 T.C. at 75; *Bond v. Commissioner*, 100 T.C. 32, 36 (1993). The nonmoving party may not rest upon the mere allegations or denials of his pleadings but must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

On the basis of the record in this case we conclude that there is no genuine dispute as to a material fact. Consequently, we may render a decision as a matter of law.

**[\*5] II.** *Standard of Review*

We have jurisdiction to review Appeals' determination pursuant to sections 6320(c) and 6330(d)(1). *See Murphy v. Commissioner*, 125 T.C. 301, 308 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006). Where the underlying tax liability is not at issue, we review the determination of Appeals for abuse of discretion. *Sego v. Commissioner*, 114 T.C. 604, 610 (2000); *Goza v. Commissioner*, 114 T.C. 176, 182 (2000). In reviewing for abuse of discretion we must uphold Appeals' determination unless it is arbitrary, capricious, or without sound basis in fact or law. *See Murphy*, 125 T.C. at 320; *Taylor v. Commissioner*, T.C. Memo. 2009-27, 2009 WL 275721, at \*9. We do not substitute our judgment for that of Appeals but consider "whether, in the course of making its determination, the Appeals Office complied with the legal requirements of an administrative hearing." *Charnas v. Commissioner*, T.C. Memo. 2015-153, at \*7.

III. *Underlying Liability*

On Form 12153 Mr. Olson requested relief from penalties and interest, but he did not contest the underlying liabilities. It was not until he filed his First Supplemental Objection to Motion for Summary Judgment, and the Motions for Leave to File an Amended Petition, that Mr. Olson expressed a desire to dispute the underlying 2016 and 2018 tax liabilities which gave rise to the collection action at issue. The Court's review of CDP cases is limited to issues that taxpayers raise at a CDP hearing. *Giamelli v. Commissioner*, 129 T.C. 107, 112–13 (2007); *Magana v. Commissioner*, 118 T.C. 488, 493 (2002); Treas. Reg. § 301.6320-1(f)(2), Q&A-F3. The Court will not consider Mr. Olson's underlying tax liabilities since they were not properly raised during the CDP hearing. *See Giamelli*, 129 T.C. at 112–13; *Magana*, 118 T.C. at 493. Since the underlying liabilities are not properly at issue, we will accordingly review SO Buddenhagen's actions for abuse of discretion. *See* I.R.C. § 6330(c)(2)(B); *see also* I.R.C. § 6320(c); *Goza*, 114 T.C. at 182.

IV. *Abuse of Discretion*

In deciding whether SO Buddenhagen abused her discretion in sustaining the proposed lien action, we consider whether she (1) properly verified that the requirements of applicable law and administrative procedure have been met, (2) considered any relevant issues Mr. Olson raised, and (3) weighed "whether any proposed collection action balances the need for the efficient collection of taxes

**[\*6]** with the legitimate concern of [Mr. Olson] that any collection action be no more intrusive than necessary." *See* I.R.C. § 6330(c)(3); *see also* I.R.C. § 6320(c). Our review of the record establishes that SO Buddenhagen satisfied all of these requirements.

### A. *Verification*

Before issuance of a notice of determination, Appeals must verify that all requirements of applicable law and administrative procedure have been met. *See* I.R.C. § 6330(c)(1), (3)(A); *see also* I.R.C. § 6320(c). We have authority to review an SO's satisfaction of the verification requirement regardless of whether the taxpayer raised the issue at the CDP hearing. *See Hoyle v. Commissioner*, 131 T.C. 197, 200–03 (2008), *supplemented by* 136 T.C. 463 (2011). Mr. Olson did not assert in his Petition that SO Buddenhagen failed to satisfy this requirement and has not directed this Court's attention to any facts that would support such a finding. *See* Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); *Rockafellor v. Commissioner*, T.C. Memo. 2019-160, at \*12. In any case, on the basis of our review of the record before us, we find that SO Buddenhagen conducted a thorough review of the materials relevant to Mr. Olson's CDP request and verified that all applicable requirements were met. *See* I.R.C. § 6330(c)(1); *see also* I.R.C. § 6320(c).

### B. *Issues Raised*

Mr. Olson has raised several issues disputing respondent's Motion for Summary Judgment. First, Mr. Olson claims his installment agreement proposal was arbitrarily refused and therefore his rights under section 7803 were violated during the CDP hearing. Second, Mr. Olson contests SO Buddenhagen's disallowance of certain reported expenses such as his purchase of a vehicle for his daughter upon her graduation from college. Third, Mr. Olson, in the Supplemental Objection to respondent's Motion for Summary Judgment, disputes the underlying tax liabilities and requests penalty relief.

In his CDP hearing request, Mr. Olson disputed the filing of an NFTL by the IRS but did not indicate whether he sought to have the tax lien subordinated, discharged, or withdrawn. He checked the box for an installment agreement on Form 12153 as a collection alternative and furnished the following reasoning: "Covid has heavily affected my income and diverted my ability to pay. Prior to Covid we significantly had a drop in revenue and for months could only afford living expenses

**[\*7]** . . . [and] would kindly request some relief on penalties [and] interest." Additionally, he sought relief on behalf of his spouse under section 6015.

However, as explained during the CDP hearing, Mr. Olson was not in compliance with his 2020 and 2021 tax filing obligations, nor was he up to date with his 2022 estimated tax payments. An SO does not abuse her discretion when she declines to accept a collection alternative for a taxpayer who is not in filing compliance. *Cox v. Commissioner*, 126 T.C. 237, 258 (2006), *rev'd on other grounds*, 514 F.3d 1119 (10th Cir. 2008); *see Hull v. Commissioner*, T.C. Memo. 2015-86, at \*15; *Boulware v. Commissioner*, T.C. Memo. 2014-80, at \*21, *aff'd*, 816 F.3d 133 (D.C. Cir. 2016). SO Buddenhagen notified Mr. Olson in her first correspondence that he was not eligible for an installment agreement since he was delinquent in his federal tax filing obligations and estimated tax payments. SO Buddenhagen reminded Mr. Olson during the CDP hearing on August 4, 2022, of his outstanding tax obligations, and she allowed him additional time until September 2, 2022, to become current.

SO Buddenhagen gave Mr. Olson time to submit the delinquent returns necessary for a collection alternative. Mr. Olson never submitted the requested returns. Accordingly, we conclude SO Buddenhagen acted reasonably and within her discretion in denying Mr. Olson's installment agreement request as a proposed collection alternative.

We now turn to Mr. Olson's request for penalty abatement which is properly before the Court since it was raised during the CDP hearing. The case activity log of SO Buddenhagen demonstrates that Mr. Olson and SO Buddenhagen discussed first time abatement and reasonable cause penalty abatement during the CDP hearing. SO Buddenhagen indicated that Mr. Olson was not eligible for first time abatement since he had penalties abated in the past. Mr. Olson was not eligible for reasonable cause relief because "[Mr. Olson] stated he did not have any reasonable cause just not being timely in doing his taxes." An SO does not abuse her discretion in denying penalty relief for a taxpayer who, after being given an adequate timeframe, fails to submit requested documentation to support the claim for relief. *Pough v. Commissioner*, 135 T.C. 344, 351 (2010). Accordingly, we conclude SO Buddenhagen acted reasonably and within her discretion in denying Mr. Olson's request for penalty relief.

**[\*8]** The issue of relief under section 6015 for Mr. Olson's spouse is not properly before the Court in this proceeding. On Form 12153, Mr. Olson checked the box seeking innocent spouse relief on behalf of his spouse. As noted on Form 12153, a claim for innocent spouse relief should be supported by the submission of Form 8857, Request for Innocent Spouse Relief. Merely checking the box indicating "innocent spouse relief" on Form 12153 is insufficient since it is not a claim for relief. During the CDP hearing, SO Buddenhagen advised Mr. Olson that if his wife was not responsible for the joint liabilities, then she needed to request innocent spouse relief herself otherwise both Mr. Olson and his spouse would be jointly and severally liable. In previous Orders from this Court, we instructed Mr. Olson that innocent spouse relief is asserted by the spouse who will receive the benefit of the relief, and Ms. Olson is not a party to this case.[4]

### C.   *Balancing*

Mr. Olson does not allege in his Petition, nor argue at any later point, that SO Buddenhagen failed to consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." *See* I.R.C. § 6330(c)(3)(C). Therefore, Mr. Olson is deemed to have conceded this issue. *See* Rule 331(b)(4); *see also Ansley v. Commissioner*, T.C. Memo. 2019-46, at \*19. In any case, there is no evidence in the record suggesting to us that SO Buddenhagen abused her discretion in finding that the balancing requirement of section 6330(c)(3)(C) was met.

### V.   *Conclusion*

Mr. Olson was granted the time and opportunity to submit requested documents, propose a monthly installment agreement, and come into compliance with his federal tax filings and estimated tax payment obligations, but failed to do so.[5] Finding no abuse of discretion, we will grant respondent's Motion for Summary Judgment and affirm Appeals' determination.

---

[4] If so inclined, Mr. Olson's spouse should request innocent spouse relief from the IRS (not this Court) through the proper administrative channels.

[5] We note that Mr. Olson remains free to negotiate with the IRS as to tax years 2016 and 2018, including his right to submit a collection alternative, in the form of an installment agreement, supported by the requisite information.

**[*9]**    We have considered all arguments made by the parties, and to the extent they are not addressed herein, we consider them to be moot, irrelevant, or without merit.

To reflect the foregoing,

*An appropriate order and decision will be entered.*